UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Dr. George Pieczenik, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 3:10- ) CV-02327-FLW-TJB |
| Idexx Reference Laboratories, Inc. et al., | ) ) |
| Defendants. | ) ) ) |

## BRIEF OF DEFENDANTS BIOGEN IDEC INC. AND BIOGEN IDEC U.S. CORPORATION IN SUPPORT OF THEIR MOTION TO DISMISS

Attorneys for Biogen Idec Inc and
Biogen Idec U.S. Corporation:

Donald R. Ware
Jeremy A. Younkin
Jenevieve Maerker
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

Stephen R . Buckingham
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2326

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................ 1

II.     FACTUAL BACKGROUND .................................................................... 2

III.    ARGUMENT .............................................................................................. 4

        A.      The Complaint Fails to State a Claim for Patent Infringement. ...................... 4

                1.      Plaintiff's Direct Infringement Claims Fail to Identify the Allegedly Infringing Products or Activities ......................................... 5

                2.      Plaintiff's Indirect Infringement Claims Are Inadequate. ................... 8

        B.      The Complaint Fails to State a Claim for Patent Invalidity ........................... 10

        C.      The Complaint Fails to State a Claim for Civil RICO Liability. ................... 11

                1.      The Complaint Does Not Allege a Pattern of Racketeering Activity. ................................................................................................ 12

                2.      The Complaint Fails Plausibly to Allege that Biogen Idec Was Engaged in Conduct of an Enterprise. ....................................... 14

        D.      Dismissal with Prejudice Is Warranted ......................................................... 16

IV.     CONCLUSION ......................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)...............................................1, 5, 18

*Bedrock Computer Techs. v. Softlayer Techs.*, No. 6:09-cv-269 (E.D. Tex. March 29, 2010) ...............................................................6, 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................1, 4, 5 15, 16, 18

*Bender v. LG Elecs. U.S.A., Inc., No. C 09-02114 JF*, 2010 U.S. Dist. LEXIS 33075 (N.D. Cal. March 11, 2010) ...........................................5, 6

*Bender v. Motorola Inc., No. C 09-1245-SBA*, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010) ..............................................................5, 6, 7, 8

*In re: Bill of Lading Transmission and Processing System Patent Litigation*, No. 1:09-md-2050, 2010 U.S. Dist. LEXIS 16110 (S.D. Ohio Feb. 23, 2010) .....................................................................9

*Boyle v. United States*, 129 S. Ct. 2237 (2009) ......................................14, 15

*Brunig v. Clark*, 560 F.3d 292 (5th Cir. 2009)..............................................14

*Cedric Kushner Promotions, Ltd. v. Don King, et al.*, 533 U.S. 158 (2001)......................................................................................15

*Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) 158 (2001) ......18

*Conley v. Gibson*, 355 U.S. 41 (1957)............................................................1

*Elan Microelectronics Corp. v. Apple, Inc., No. C 09-01531 RS*, 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009)..................................9

*Fifth Market, Inc. v. CME Group, Inc.*, No. 1:08-cv-00520-GMS, 2009 WL 5966836 (D. Del. May 14, 2009) ..........................................6, 7

*Gold v. Metz Lewis Law Firm, LLC*, No. 1:08-cv-207-SJM, 2010 U.S. Dist. LEXIS 13566 (W.D. Pa. Feb. 17, 2010)..........................................17

*Hewlett-Packard Co. v. Intergraph Corp., No. C 03-2517 MJJ*, 2003
U.S. Dist. LEXIS 26092 (N.D. Cal. Sept. 6, 2003)....................................7

*Jaguar Cars Inc. v. Royal Oaks Motor Car Company, Inc.*, 46 F.3d
258 (3d Cir. 1995) ...................................................................15

*Lucent Techs, Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009),
*cert. denied sub nom. Microsoft Corp. v. Lucent Techs., Inc.*, 2010
U.S. LEXIS 4203 (May 24, 2010)....................................................8

*Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349 (D. Del. 2009) .........9

*Malloy v. Wiseman*, No. 2:07-cv-6-FtM-29PSC, 2008 U.S. Dist.
LEXIS 2615 (M.D. Fla. Jan. 14, 2008) ...........................................10, 13

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ..........................11

*Munsif v. Cassel*, 331 Fed. Appx. 954 (3d Cir. 2009)............................11, 13

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ......................16

*Pieczenik v. Astellaspharma Inc., et al.*, No. 3: 2010-cv-02253 (D.N.J.
filed May 5, 2010) ...................................................................18

*Pieczenik v. Astrazeneca Pharmaceuticals LP, et al.*, No. 3: 2010-cv-
02296 (D.N.J. filed May 6, 2010) .................................................18

*Pieczenik v. Bayer Corp., et al.*, No. 3:2010-cv-02230 (D.N.J. filed
May 4, 2010)..........................................................................18

*Pieczenik v. Cambridge Antibody Tech. Group, et al.*, No. 1:03-cv-
06336, 2004 WL 1118500 (S.D.N.Y. May 14, 2004), *aff'd sub
nom. Pieczenik v. Domantis*, 120 Fed. Appx. 317 (Fed. Cir. 2005) ........17

*Pieczenik v. Dyax Corp.*, No. 1:1999-cv-12136 (S.D.N.Y. filed Dec.
17, 1999) .............................................................................18

*Pieczenik v. Dyax*, No. 00-11370-RGS, 2003 U.S. Dist. LEXIS 18445
(D. Mass. Feb. 25, 2003), *aff'd*, 76 Fed. Appx. 293 (Fed. Cir.
2003)..................................................................................17

*Pieczenik v. TIAA Cref, et al.*, No. 1:2005-cv-02193 (S.D.N.Y. filed Dec. 19, 2005) ...........................................................................18

*Pieczenik, et al. v. Dyax Corp.*, No. 1:2000-cv-00243 (S.D.N.Y. filed Jan. 12, 2000)...............................................................................18

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329 (Fed. Cir. 2008) .......................................................................................11

*Reves v. Ernst & Young*, 507 U.S. 170 (1993) .............................................14

*Riordan v. H.J. Heinz Co.*, No. 08-1122, 2009 U.S. Dist. LEXIS 114165 (W.D. Pa. Dec. 8, 2009) ...............................................16

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)..............................11, 12

*Sharafabadi v. University of Idaho*, No. C09-1043JLR, 2009 U.S. Dist. LEXIS 110904 (W.D. Wash. Nov. 27, 2009)...................................9

*Trans USA Products, Inc. v. Howard Berger Co.*, No. 07-5924 (JAP), 2008 U.S. Dist. LEXIS 25370 (D.N.J. March 28, 2008) ........................12

*Tseng v. Marukai Corp., No. SACV 09-0968 AG*, 2009 U.S. Dist. LEXIS 112124 (C.D. Cal. Nov. 13, 2009) .................................................6

## STATUTES

18 U.S.C. § 1961.............................................................................12, 13, 14

18 U.S.C. § 1962........................................................................4, 11, 12, 15

18 U.S.C. § 1964(c) ...............................................................................12

## RULES

Fed. R. Civ. P. 8(a)(2)................................................................1, 4, 5, 16, 19

Fed. R. Civ. P. 12(b)(1) .....................................................................1, 11

Fed. R. Civ. P. 12(b)(6) .......................................................................1, 4

Fed. R. Civ. P. Appendix of Forms, Form 18 ...............................................7

I.      **INTRODUCTION**

Defendants Biogen Idec Inc. and Biogen Idec U.S. Corporation (collectively
"Biogen Idec") respectfully submit this memorandum of law in support of their
motion, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), for an
order dismissing all claims asserted against them by Plaintiff George Pieczenik.

Read generously, the Complaint seeks to assert three types of claims against
Biogen Idec: (1) patent infringement; (2) declaratory judgment of patent invalidity;
and (3) civil Racketeer Influenced and Corrupt Organizations ("RICO") Act
violations.  None of these claims is supported by allegations sufficient to comply
with Fed. R. Civ. P. 8(a)(2) under the standards established by the Supreme Court
in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129
S. Ct. 1937 (2009).  The Complaint fails to identify the Biogen Idec products or
activities that allegedly infringe Plaintiff's patents; fails to identify which Biogen
Idec patents are allegedly invalid; and fails to plead elements of a RICO claim,
including a pattern of racketeering activity and the existence of an enterprise.
Without such basic factual information, the Complaint does not "give the
defendant fair notice of what the . . . claim is and the grounds upon which it rests,"
*Twombly*, 550 U.S. at 555, quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and
does not permit a "reasonable inference that the defendant is liable for the
misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.

Biogen Idec respectfully requests that the Complaint be dismissed *with prejudice*.  Dismissal with prejudice is warranted because Plaintiff's declaratory judgment and civil RICO claims cannot be cured by repleading.  Further, Plaintiff has a history of filing meritless patent infringement lawsuits and should not be allowed to consume more of the Court's and Biogen Idec's time with baseless allegations.

II.   **FACTUAL BACKGROUND**

On May 7, 2010, Plaintiff filed his Complaint against 45 defendants and 61 "John Does" (collectively, "Defendants").  In paragraph 55 of the Complaint, Plaintiff alleges that each of the defendants, including Biogen Idec, directly and indirectly infringes U.S. Patent No. 5,866,363 ("the '363 Patent"):

> 55.   By virtue of defendant's research, commercial and licensing activities, defendants have infringed upon plaintiff's patent and have contributed to others infringing on plaintiff's patent.

These allegations are echoed in paragraph 57, which alleges that each of the defendants "allow[s] for a situation where their management, scientists and sales personnel 1) infringe on the '363 patent, 2) create companies which infringe the '363 patent and 3) collaborate with companies which infringe on the '363 patent."

The Complaint does not identify what "research, commercial and licensing activities" of Biogen Idec allegedly infringe the '363 patent, nor does it identify how Biogen Idec "allow[s] for a situation where their management, scientists and sales personnel" infringe, create companies that infringe, or collaborate with

companies that infringe.  With respect to indirect infringement, the Complaint does

not identify the alleged direct infringers, nor does it allege that Biogen Idec knew

that its products would be used to infringe or that its products have no substantial

noninfringing uses.

In paragraphs 53 and 56, the Complaint claims that unidentified patents of

all the defendants, including Biogen Idec, are invalid:

> 53.  Defendants . . . own, use and have filed patents
> claiming methods, products and biological
> intermediates used in creating and/or using peptide
> and antibody combinatorial libraries.  These patents
> and patent applications have been filed at a later date
> than the original filing of the Pieczenik '363 Patent
> parent and therefore are subject to a 102(e) "snap
> back" prior art date.  Because this '363 patent has now
> issued, their patents containing claims related to
> combinatorial libraries are invalid.
>
> 56.  To the extent that the claims in defendant's patents
> relate to combinatorial libraries and biologics, therein
> derived; they are substantially similar to claims in
> plaintiff's patent and defendant's patents are invalid.

The Complaint does not indicate which Biogen Idec patents "relate to

combinatorial libraries and biologics" and are therefore alleged to be invalid.

Furthermore, the Complaint does not allege that there is a substantial controversy

between Plaintiff and Biogen Idec warranting declaratory judgment relief.

The allegations that appear to be aimed at raising a RICO claim are

contained in a section of the Complaint entitled "PRELIMINARY

ALLEGATIONS" and state:

57. Defendants . . . as corporations and individuals allow for a situation where their management, scientists and sales personnel 1) infringe on the '363 patent, 2) create companies which infringe the '363 patent and 3) collaborate with companies which infringe on the '363 patent.

58. Upon information and belief, the defendants have a vested interest in denying Pieczenik his rightful recognition of the discovery of combinatorial libraries and biologics thereby derived and his rightful share in royalties and commercial agreements.

59. Upon information and belief, defendants and/or their representatives have colluded and conspired in such a fashion as to make the defendants a Racketeering Institution and Corrupt Organization in science and this organization and its members and their associates have conspired to deny Plaintiff his rightful royalties from the Pieczenik '363 patent.

The Complaint does not indicate what predicate acts Biogen Idec allegedly

engaged in to make it civilly liable under the RICO statute, 18 U.S.C. § 1962.  The

Complaint also fails to allege that a legally sufficient enterprise existed, that

Biogen Idec conducted the affairs of the enterprise, or that there was a pattern of

racketeering activity.

III.   **ARGUMENT**

   **A.   The Complaint Fails to State a Claim for Patent Infringement.**

   Rule 8 requires that a complaint contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Where

a complaint does not contain "enough facts to state a claim to relief that is

plausible on its face," it "must be dismissed" under Fed. R. Civ. P. 12(b)(6).

*Twombly*, 550 U.S. at 570.  The Supreme Court's recent decisions in *Twombly* and

*Iqbal* have clarified the Rule 8 pleading standard and made plain that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Under *Iqbal*, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.  Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Plaintiff's Complaint falls far short of this standard.

### 1.    Plaintiff's Direct Infringement Claims Fail to Identify the Allegedly Infringing Products or Activities.

Plaintiff's claim against Biogen Idec for direct infringement must be dismissed because the Complaint fails to identify any Biogen Idec product or activity that allegedly infringes.  Numerous courts have interpreted *Twombly* and *Iqbal* to require identification of the allegedly infringing products in a complaint for patent infringement.  *See*, *e.g.*, *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF, 2010 U.S. Dist. LEXIS 33075, at *10 (N.D. Cal. March 11, 2010) ("By pointing to broad categories of products with respect to which he has a 'good faith belief' in the 'very substantial likelihood of infringement,' [plaintiff] simply does not state a 'plausible claim for relief.' . . .  Common sense requires more specific identification of the products in any given product category that are allegedly infringing."); *Bender v. Motorola Inc.*, No. C 09-1245-SBA, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010) ("Plaintiff's generic descriptions of a litany of

electronic products are far too conclusory to pass muster under Rule 8, *Twombly* or *Iqbal*."); *Bedrock Computer Techs. v. Softlayer Techs.*, No. 6:09-cv-269, slip op. at 5 (E.D. Tex. March 29, 2010) (dismissing direct infringement claim where complaint "does not identify any accused products, services, or methods or other infringing acts for the patent-in-suit"); *Tseng v. Marukai Corp.*, No. SACV 09-0968 AG, 2009 U.S. Dist. LEXIS 112124, at *3-4 (C.D. Cal. Nov. 13, 2009) (dismissing complaint where plaintiff merely alleged that defendant's "goods" infringed and attached a sales receipt). "Sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that ***certain named and specifically identified products or product components*** also do what the patent does, thereby raising a plausible claim that the named products are infringing." *Bender v. LG Elecs.*, 2010 U.S. Dist. LEXIS 33075, at *19 (emphasis added).

The Complaint here fails to name and specifically identify any Biogen Idec product that allegedly infringes. The Complaint's vague allegation that Biogen Idec infringes "[b]y virtue of [its] research, commercial and licensing activities" is clearly insufficient to satisfy the pleading standards. *See*, *e.g.*, *Fifth Market, Inc. v. CME Group, Inc.*, No. 1:08-cv-00520-GMS, 2009 WL 5966836, at *1 (D. Del. May 14, 2009) (granting motion to dismiss where the claims did not "contain any reference to a single infringing product or method"); *Bender v. Motorola*, 2010

WL 726739, at *3 (dismissing claim where plaintiff "has done nothing more than recite a laundry list of electronic devices").

Notably, the Complaint fails to allege infringement with the specificity set forth in the sample complaint for direct patent infringement provided in Form 18 in the Appendix to the Federal Rules of Civil Procedure ("Form 18"). Form 18 directs plaintiffs to identify "the particular device manufactured and distributed by defendant at issue" and "contemplates that the pleader identify the accused device with some semblance of specificity to alert the alleged infringer which device is at issue." *Id.* at *2, 3; s*ee also Fifth Market*, 2009 WL 5966836, at *1 ("Form 18 . . . makes clear that, at a minimum, [plaintiff] must allege, in general terms, an infringing product.").

In a case involving 45 named defendants – companies that produce a multitude of products – the Complaint is altogether too vague and "conclusory to provide 'fair notice' of the basis of Plaintiff's claim that Defendant[s] infringed the ['363] Patent." *Bender v. Motorola*, 2010 WL 726739, at *3; *see also Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 U.S. Dist. LEXIS 26092, at *6-7 (N.D. Cal. Sept. 6, 2003) (finding that where defendant produced at least 150 different types of products used in over 4000 end-user applications, an allegation that defendant's "software and hardware products" infringed failed to provide "'fair notice' of what Plaintiff's claim or claims are and, therefore, fail[ed] to satisfy Rule 8(a)(2)"). Plaintiff's unadorned allegation that Biogen Idec's

"research, commercial and licensing activities" infringe plainly fails to state a plausible claim to relief.

### 2.    Plaintiff's Indirect Infringement Claims Are Inadequate.

Plaintiff's claim against Biogen Idec for contributory infringement must also be dismissed.   Plaintiff's bare, conclusory allegation that Biogen Idec has "contributed to others infringing on [his] patent" is insufficient to state a claim for contributory patent infringement.  The Complaint does not identify what Biogen Idec component, material, or apparatus allegedly is used to directly infringe the Plaintiff's patent, nor does it identify, even generically, the "others" that allegedly directly infringe.  *See Bender v. Motorola*, 2010 WL 726739, at *4 (finding that complaint alleging merely that defendant "performed acts . . . that infringe and *induce others to infringe* . . ." failed to allege facts sufficient to support induced infringement claim) (emphasis added by court); *Bedrock Computer Techs.*, slip op. at 5 (dismissing indirect infringement claim where complaint failed to identify any accused products or services or a direct infringer).

Moreover, "to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant ***knew that the combination for which its components were especially made was both patented and infringing*** and that defendant's components have ***no substantial non-infringing uses***."  *Lucent Techs, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009), *cert. denied sub nom. Microsoft Corp. v. Lucent Techs., Inc.*,

2010 U.S. LEXIS 4203 (May 24, 2010) (emphasis added) (citations and internal quotations omitted).  Because the Complaint fails to allege that Biogen Idec had the requisite knowledge or that its components have no substantial noninfringing use, the Complaint fails to state a claim for contributory infringement and must be dismissed.  *See*, *e.g.*, *In re: Bill of Lading Transmission and Processing System Patent Litigation*, No. 1:09-md-2050, 2010 U.S. Dist. LEXIS 16110, at *19 (S.D. Ohio Feb. 23, 2010) (dismissing contributory infringement claim where complaint failed to allege knowledge of infringing use and lack of substantial noninfringing uses); *Sharafabadi v. University of Idaho*, No. C09-1043JLR, 2009 U.S. Dist. LEXIS 110904, at *13 (W.D. Wash. Nov. 27, 2009) (dismissing indirect infringement claims where plaintiff "pleads no factual allegations sufficient to support an indirect infringement claim . . . under either" inducement or contributory infringement theories); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354-55 (D. Del. 2009) (dismissing contributory infringement claim where plaintiff failed to allege defendants' knowledge of patent); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 U.S. Dist. LEXIS 83715, at *7-8 (N.D. Cal. Sept. 14, 2009) (dismissing indirect infringement claim where complaint failed to allege additional elements).

In sum, Plaintiff's claims for both direct and indirect patent infringement lack crucial factual allegations and do not support a plausible claim for relief.

## B.      The Complaint Fails to State a Claim for Patent Invalidity.

Although the Complaint does not explicitly seek a declaratory judgment of invalidity, it asserts several times that Biogen Idec's patents are invalid, and it asks this Court to enjoin Biogen Idec from commercially practicing and licensing its patents.  Complaint ¶¶ 53, 56, 60(b).  Nowhere, however, does the Complaint identify any specific patents owned by Biogen Idec that are alleged to be invalid.  Rather, it directs its invalidity contentions at Biogen Idec's "patents claiming methods, products and biological intermediaries used in creating and/or using peptide and antibody combinatorial libraries," or simply patents "relat[ing] to combinatorial libraries and biologics."  Complaint ¶¶ 53, 56.  Such a broad description is insufficient to provide Biogen Idec with "fair notice" of which patents it must defend against Plaintiff's invalidity contentions.

Just as claims for patent infringement must identify the accused devices or practices with reasonable specificity, and must name the patent they are alleged to infringe, so must patent invalidity claims identify the patents targeted.  *Cf. Malloy v. Wiseman*, No. 2:07-cv-6-FtM-29PSC, 2008 U.S. Dist. LEXIS 2615, at *10-11 (M.D. Fla. Jan. 14, 2008) (dismissing complaint for patent infringement for failure to identify by number the specific patent at issue).  Invalidity claims targeting a generically described type of patent, without identifying any specific patents by number, are insufficient to inform Biogen Idec as to what it must defend, and therefore do not state a claim on which relief can be granted.

Moreover, to seek a declaratory judgment that Biogen Idec's patents are invalid, the Plaintiff must establish that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The Complaint does not include any allegations suggesting that Biogen Idec has caused Plaintiff a real and immediate injury or threat of future injury related to Biogen Idec's patents, as required by Federal Circuit precedent. *See Prasco, LLC v. Medicis Pharm. Corp*., 537 F.3d 1329, 1339 (Fed. Cir. 2008). Accordingly, to the extent the Complaint seeks to make a claim for declaratory judgment of invalidity of Biogen Idec's patents, this Court lacks subject matter jurisdiction, and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

### C.   The Complaint Fails to State a Claim for Civil RICO Liability.

Finally, paragraphs 57 through 59 of the Complaint apparently attempt to raise a civil claim for violation of the RICO statute, 18 U.S.C. § 1962. Courts have established detailed pleading requirements for civil RICO claims, and the Complaint fails to meet most, if not all, of these requirements. A civil RICO claim must set forth the four statutory requirements of 18 U.S.C. § 1962(c): (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); s*ee also Munsif v. Cassel*, 331 Fed. Appx. 954, 958 (3d Cir. 2009) (stating that the elements of a civil RICO claim

include "(1) the existence of an enterprise engaged in or affecting interstate

commerce; (2) that the defendant was employed by or associated with the

enterprise; (3) that the defendant participated, directly or indirectly, in the conduct

or the affairs of the enterprise; and (4) that the defendant participated through a

pattern of racketeering activity that must include the allegation of at least two

racketeering acts").[1]   In addition, a civil RICO plaintiff must allege, under 18

U.S.C. § 1964(c), that "he has been injured in his business or property by the

conduct constituting the violation." *Sedima*, 473 U.S. at 496.  The Complaint's

vague and conclusory allegations fall short as to a number of these elements.

Consequently, Plaintiff's civil RICO claim must be dismissed.

### 1.    The Complaint Does Not Allege a Pattern of Racketeering Activity.

A "'pattern of racketeering activity' requires at least two acts of racketeering

activity."  18 U.S.C. § 1961(5).  The statute defines "racketeering activity"

(commonly referred to as "predicate acts") to include violations of a number of

specified criminal statutes.  *See* 18 U.S.C. § 1961(1).  "Section 1961 requires that a

---

[1] It is not actually clear which subsection of 18 U.S.C. § 1962 Plaintiff alleges
Biogen Idec has violated, as the Complaint includes no statutory citations.
Nevertheless, §§ 1962(a), (b), and (d), like § 1962(c), all require that a plaintiff
allege, at a minimum, a pattern of racketeering activity.  *See Trans USA Products,
Inc. v. Howard Berger Co.*, No. 07-5924 (JAP), 2008 U.S. Dist. LEXIS 25370, *23
(D.N.J. March 28, 2008) ("Plaintiff's bare pleading, lacking even citation to the
statutes upon which Plaintiff based its [RICO] claim, failed to give Defendants
adequate notice of the claim being asserted against them such that they could raise

RICO plaintiff establish that a defendant could be convicted for violating the charged predicate statutes. . . . Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Malloy*, 2008 U.S. Dist. LEXIS 2615, at *4-5 (internal citations omitted).

Here, Plaintiff has failed to allege conduct that would be indictable under any of the criminal provisions listed in 18 U.S.C. § 1961(1), let alone facts sufficient to support the statutory elements of any such crime.  The only alleged wrongdoing mentioned in the Complaint is infringement of Pieczenik's patent and "denying Pieczenik his rightful recognition of the discovery of combinatorial libraries and biologics thereby derived and his rightful share in royalties and commercial agreements."  Complaint ¶¶ 57, 58.  Neither of these alleged wrongs fits any of the crimes enumerated in 18 U.S.C. § 1961(1).  *See Munsif*, 331 Fed. Appx. at 958 (finding failure to state claim where "[n]one of the alleged racketeering acts amounts to crimes under state or federal law").  Moreover, Plaintiff has failed to allege that Biogen Idec committed two or more distinct acts that amount to a threat of continued criminal activity, as required for establishment of a "pattern" of racketeering activity.  *Id.* ("To plead a pattern of racketeering activity, a plaintiff must aver, among other things, that each defendant committed

---

an adequate defense, and, thus, failed to meet the basic requirement of [Fed. R. Civ. P.] 8(a).").

at least two acts of prohibited racketeering activity, and that the predicate acts amount to or pose a threat of continued criminal activity."). The Complaint therefore fails to state a claim for a civil RICO violation.

### 2. The Complaint Fails Plausibly to Allege that Biogen Idec Was Engaged in Conduct of an Enterprise.

The Complaint is deficient for a separate reason: it fails sufficiently to plead conduct of an enterprise. The RICO statute defines "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has recently explained that an association-in-fact enterprise must have a "structure" with at least the following features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 129 S. Ct. 2237, 2244 (2009). In addition, a plaintiff must show that the accused defendant "participate[d] in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).

Plaintiff's allegations in the Complaint are too vague, conclusory, and confusing to constitute adequate pleading of conduct of an enterprise. The "complaint does not make plausible that either a legal enterprise or an association-in-fact existed." *Brunig v. Clark*, 560 F.3d 292, 297 (5th Cir. 2009) (affirming dismissal of RICO claims under *Twombly* standard where complaint offered only "a conclusory statement, a recitation of the elements masquerading as facts"); *see*

14

*also Twombly*, 550 U.S. at 565 n.10, 566 (rejecting allegation of conspiracy where "pleadings mentioned no specific time, place, or person involved in the alleged conspiracies" and "nothing contained in the complaint invests either the action or inaction alleged with a plausible suggestion of conspiracy").  The Complaint's bare-bones allegations of collusion and conspiracy leave "a defendant seeking to respond to plaintiff['s] conclusory allegations" with "little idea where to begin." *Id.* at 565 n.10.

It is unclear even whether Plaintiff is attempting to allege a legal entity enterprise or an association-in-fact enterprise.  To the extent the Complaint is alleging that Biogen Idec as a corporation is the "enterprise," the RICO claim fails because 18 U.S.C. § 1962(c) requires that the defendant be a "person" distinct from the "enterprise" he allegedly conducts.  *Jaguar Cars Inc. v. Royal Oaks Motor Car Company, Inc.*, 46 F.3d 258, 268 (3d Cir. 1995) ("[A] claim simply against one corporation as both 'person' and 'enterprise' is not sufficient."); *see also Cedric Kushner Promotions, Ltd. v. Don King, et al.*, 533 U.S. 158, 161 (2001).

To the extent the Complaint is alleging that Biogen Idec is part of an association-in-fact, the RICO claim fails because the Complaint does not sufficiently allege a "structure," *see Boyle*, *supra*, and it makes no attempt to allege that Biogen Idec participated in the operation or management of any enterprise.

Therefore, the Complaint's purported pleading of conduct of an enterprise does not pass muster under Rule 8.

Plaintiff's RICO claim suffers from other infirmities as well, but the stark shortcomings of the allegations of a pattern of racketeering activity and conduct of an enterprise suffice to demonstrate that Plaintiff has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  As a result, Plaintiff's RICO claim must be dismissed.

### D.    Dismissal with Prejudice Is Warranted.

The Complaint should be dismissed with prejudice.  Although a plaintiff facing dismissal for failure to state a claim is often afforded an opportunity to amend his complaint, dismissal with prejudice and without leave to amend is warranted where "amendment would be inequitable or futile."  *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see*, *e.g.*, *Riordan v. H.J. Heinz Co.*, No. 08-1122, 2009 U.S. Dist. LEXIS 114165, at *43 (W.D. Pa. Dec. 8, 2009) (dismissing *pro se* plaintiff's complaint with prejudice where "Plaintiff has failed to set forth sufficient facts to demonstrate a plausible claim to relief for misappropriation of ideas" and "amendment cannot cure these deficiencies").

The Complaint's claim for declaratory judgment of invalidity cannot be cured by repleading because, as already noted, the Complaint fails to allege an actual controversy.  Because Biogen Idec has not accused Plaintiff of infringing its patents, or otherwise caused Plaintiff any real and immediate injury or threat of

future injury, Plaintiff cannot by amendment establish the actual controversy required for a declaratory judgment action.  Similarly, the Complaint's RICO claim is fatally flawed in part because Plaintiff has failed to allege, and cannot allege, any predicate acts cognizable under the RICO statute or any pattern of racketeering activity.  *See*, *e.g.*, *Gold v. Metz Lewis Law Firm, LLC*, No. 1:08-cv-207-SJM, 2010 U.S. Dist. LEXIS 13566, at *19, 21 n.6 (W.D. Pa. Feb. 17, 2010) (dismissing RICO claim with prejudice and without leave to amend because plaintiff had failed sufficiently to allege predicate acts or to establish a pattern of racketeering activity and "the facts, as alleged by Plaintiff, do not (and cannot) give rise to a viable RICO claim").

With regard to the Complaint's patent infringement claim, Plaintiff Pieczenik is amply familiar with pleading requirements in federal court, having previously filed multiple patent-related lawsuits.  *See*, *e.g.*, *Pieczenik v. Dyax*, No. 00-11370-RGS, 2003 U.S. Dist. LEXIS 18445 (D. Mass. Feb. 25, 2003), *aff'd*, 76 Fed. Appx. 293 (Fed. Cir. 2003) (granting defendant's motion for summary judgment of noninfringement); *Pieczenik v. Cambridge Antibody Tech. Group, et al.*, No. 1:03-cv-06336, 2004 WL 1118500 (S.D.N.Y. May 14, 2004), *aff'd sub nom. Pieczenik v. Domantis*, 120 Fed. Appx. 317 (Fed. Cir. 2005) (granting

defendants' motion to dismiss for lack of subject matter jurisdiction).[2]  Under such

circumstances, Plaintiff should not be permitted to consume more of the Court's

and Biogen Idec's time with attempts at re-pleading what are clearly baseless and

frivolous allegations.  *See Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 570, 569

(Fed. Cir. 2009) (affirming dismissal and imposition of anti-filing injunction

against repeat patent infringement plaintiff where complaint failed adequately to

specify key "facts relevant to the question of infringement" and where plaintiff was

"no stranger to patent litigation").  All claims in the Complaint should be

dismissed with prejudice.

## IV.   CONCLUSION

The Supreme Court's decisions in *Twombly* and *Iqbal* make clear that "only

a complaint that states a plausible claim for relief survives a motion to dismiss."

*Iqbal*, 129 S. Ct. at 1950.  The Complaint at issue here consists of vague, general,

confusing, and conclusory statements that fail to inform Biogen Idec of (1) which

products or activities are alleged to infringe Plaintiff's patent; (2) which Biogen

Idec patents are alleged to be invalid; and (3) how Biogen Idec allegedly conducted

---

[2] *See also Pieczenik v. Dyax Corp.*, No. 1:1999-cv-12136 (S.D.N.Y. filed Dec. 17, 1999) (voluntarily dismissed by plaintiff); *Pieczenik, et al. v. Dyax Corp.*, No. 1:2000-cv-00243 (S.D.N.Y. filed Jan. 12, 2000) (consolidated with 1:1999-cv-12136, *supra*); *Pieczenik v. TIAA Cref, et al.*, No. 1:2005-cv-02193 (S.D.N.Y. filed Dec. 19, 2005) (stayed pending resolution of two other cases filed by Pieczenik; motion to reopen denied); *Pieczenik v. Bayer Corp., et al*., No. 3:2010-cv-02230 (D.N.J. filed May 4, 2010); *Pieczenik v. Astellaspharma Inc.*, et al., No. 3: 2010-

an enterprise or engaged in a pattern of racketeering activity so as to violate the RICO statute.  Without these facts, the Complaint falls far short of the requirements of Rule 8, fails to show that Plaintiff is entitled to relief, and must be dismissed with prejudice as to all claims.

---

cv-02253 (D.N.J. filed May 5, 2010); *Pieczenik v. Astrazeneca Pharmaceuticals LP, et al*., No. 3: 2010-cv-02296 (D.N.J. filed May 6, 2010).

Respectfully submitted,

**Biogen Idec Inc. and Biogen Idec
U.S. Corporation,**

By their attorneys

/s/ Stephen R. Buckingham

Stephen R . Buckingham
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068
Telephone:  973 597 2326
Facsimile:  973 597 2327

Dated:  June 3, 2010

Of counsel:

Donald R. Ware (MA516260)
Jeremy A. Younkin (MA654047)
Jenevieve Maerker (MA670266)
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617 832 1000
Facsimile:  617 832 7000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this 3rd day of June 2010, Biogen Idec Inc. and Biogen Idec U.S. Corporation's Motion to Dismiss and all supporting papers were served on all defense counsel of record and the plaintiff through the Court's ECF electronic filing system.


By: <u>/ s/ Stephen R. Buckingham</u>