VIA HAND DELIVERY            June 4, 2010

Re:
Dr.George Pieczenik v.Idexx, et.al.3: 10-cv-02327-FLW-TJB:
Dr. George Pieczenik v Astellas et al3: 10-cv-02253-FLW-TJB:
Dr. George Pieczenik v.Astrazeneca et al 3:10-cv-02296-FLW-TJB

**Motion to Dismiss and Reply to Geri Albin's Letters to Judge Wolfson**

Dear Your Honor Judge Fred L. Wolfson,

    I wish to respond to Ms.Geri Albin's letters of June 3, 2010, concerning copies of papers prepared by Counsels Haley and Harnett to Defendants, Forest Labs, Perkin Elmer, Genzyme, GlaxoSmithKline, and Kyowa Hakko Kirin which were submitted to your Court on June 3, 2010.

    This submission may be an end-run around Ropes&Grey councils James Haley, Chris Harnett and Brad Badke filing papers in your Court without filing *Pro Hoc Vice* requests, nor requesting permission to appear *Pro Hoc Vice* from opposing counsel. This is required by Rule 1:21-2 ( C )  (see Exhibit A).

    While we laterally addressed this issue in my reply to James Haley and Chris Harnett  motion to dismiss on behalf of  Dyax (Motion 24, Dr. Pieczenik v Idexx  3: 10-cv-02327-FLW-TJB ) I do not believe they should continue to appear in multiple litigations without complying with this Court's rules.

    **Therefore, we believe this Court can, on this important technicality, dismiss all the Reply papers submitted by local council on behalf of non-admitted law firm Ropes&Grey.**

    The rules for Pro Hoc Vice admission require "good standing". This "good standing" clearly cannot apply to the law firm Ropes & Grey considering their defense of submitting plagiarized papers to the Federal Government with the argument that all IP lawyers plagiarize. (Motion 24, No.8,9 Exhibit H, I Case 3: 10-cv-02327-FLW-TJB). The "good standing" must be attested to by a clerk of the Federal District  Court of Massachusetts. (see Exhibit A). Can you imagine another Judge copying your Honor's rulings word for word and remaining on the bench or being of "good standing", thereafter.  Someone must address this issue and this is Court now has the jurisdiction, based on the lack of a *Pro Hoc Vice* application.



RECEIVED

JUN 0 4 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

. However, as I stated in my previous papers (motion 24, Case 3: 10-cv-02327-FLW-TJB), I believe James Haley and Chris Harnett are of "good standing" and I should despair of seeing them removed from this Court on this issue. Their reply papers for the defendants Forest Labs, Perkin Elmer, Genzyme, GlaxoSmithKline, and Kyowa Hakko Kirin are all practically identical and I shall respond to them as one reply with specifics by next week. One perplexing issue is why Brad Bradke has replaced James Haley on the reply papers for defendant Perkin Elmer. Since, as all these replies are identical, one can ask "Did Brad Badke "plagiarize" Haley's papers? ". Is this something being taught at Ropes&Grey? Therefore, I oppose any blanket motion by Ropes&Grey to appear *Pro Hoc Vice*. But, I will not oppose a motion by James Haley or Chris Harnett to appear *Pro Hoc Vice*.

This *Pro Hoc Vice* issue for various reasons may appear trivial in this case, but as your Honor will see there are other law firms, such as Milbank, Tweed, and Hadley & McCloy, which I will demonstrate are not in "good standing" and where their founding partners have acted in a criminal manner subjecting them to RICO charges. John McCloy has historically been involved as an active partner in criminal enterprises which are still being litigated in several foreign countries i.e. the Klaus Barbie affair. The firm itself has a long history of "cloaking" for criminal enterprises in violation of the Alien Property Custodian Act which goes back to WWI. We shall present evidence on both the criminal aspects involved in the patenting of "aspirin" by Bayer and the criminal aspects involved in the recent re-purchase of the trademark "aspirin" by Bayer aka I.G. Farben.

While, Opposing council James Haley & Chris Harnett point out that Judge Shira Scheindlin dismissed all the defendants and, therefore, argue *res judicata* that this Court should "copy" her rulings, they fail to point out two things:

1)  all the corporate defendants within Judge Shira Scheindlin's court's jurisdiction settled. That is why they appear as dismissed with prejudice..However, the federal defendants were addressing constitutional issues on Court procedures for *Pro Se* Litigants and new FDA rules for filing on "biologics", *inter alia*.

2)  Judge Shira Scheindlin did keep Merck AG, the original german parent of the US Merck, which was sold after WWI under the Alien Property

Custodian Act in her Court under the RICO charge. Merck AG presently distributes a modified monoclonal Erbitux which infringes the '363 patent in Europe. Historically, their Merck AG's methylene blue was injected into the eyes of concentration camp victims with an attempt to turn them blue. I do believe Judge Shira Scheindlin's ruling on jurisdiction in this case is *res judicata* for jurisdiction for other german and Japanese pharmaceuticals (re: Unit 731) involved in war crimes under RICO statutes in all District Courts.

Only Haley & Harnett continued their opposition filings up to the CAFC and only for Dyax. Had I been able to respond to papers which I never received, the rulings would have been more substantive and less irrelevant to future claim construction for all IP lawyers involved in future "biologics" patents.

More importantly, there would now be a legal resolution and definition for the "metes and bounds" of a "combinatorial library". This is what we would like to see come out of this litigation by keeping in Haley & Harnett as opposing counsel. I will demonstrate in following papers that patents filed by defendants have claims which read directly on the claims in the '363 because of the ambiguity in the way their claims have been written in trying to describe libraries of compounds which are not quite a Markush group nor an *a priori* definable set of compounds under the classical definition of compound claim construction.

Many of these new class of "biologic" claims of compounds and methods require an *a posteriori* definition of a group of compounds. To paraphrase Matthew, "many compounds are made, but few are selected". Dr.Pieczenik in his Amicus Curiae brief in the US Supreme Court in *Chakrabarty v Diamond* (see Docket Number 24, Attachment 6 exhibit F, 3:10-cv-02327-FLW -TJB) was the only Amicus to discuss defining a variable recombinant compound by its selection procedure. This use of "selecting" a desired "compound" or "class of compounds" reads directly on the '363 independent claims 77 and 90 and all their respective dependent claims, *inter alia.*

As a pro se litigant, I apologies for this informal format of a Motion to Dismiss and Reply to Geri Albin's letters. I believe it gives the Court and Defendants a legal and scientific overview of my litigation and, therefore, may be of use.

Respectfully submitted,
//Dr.George Pieczenik//
Dr. George Pieczenik, Pro Se
129 Kingwood-Locktown Rd
Stockton, NJ 08559
GPieczenik@yahoo.com

Certificate of Service

I, hereby, certify that I e mailed a copy of this to all counsels of record, whether admitted Pro Hoc Vice or not (Ropes&Grey Counsel) and mailed First Class mail a copy to Ms. Geri Lauren Albin at Saiber,LLC, One Gateway Center, 10th Floor, Newark, NJ 07102: Email copies to:

ARNOLD B. CALMANN   abc@saiber.com ,DAVID LEIT   dleit@lowenstein.com, kmaxwell@lowenstein.com ,DAVID W. FIELD   dfield@lowenstein.com, bandujar@lowenstein.com ,ETHAN JOHN STEWARD   esteward@orrick.com, ejs2047@gmail.com, nymao@orrick.com, risackson@orrick.com ,GERI LAUREN ALBIN   gla@saiber.com ,GURBIR SINGH GREWAL   grewalg@howrey.com, bennettc@howrey.com, grewalg@me.com ,LIZA M. WALSH   lwalsh@connellfoley.com, mhogan@connellfoley.com ,MATTHEW RICHARD SAVARE   msavare@lowenstein.com ,MICHAEL E. PATUNAS   mpatunas@litedepalma.com, epalomino@litedepalma.com
ROBERT J. SCHOENBERG   rschoenberg@riker.com, cmay@riker.com
ROBERT M. GOODMAN   rgoodman@greenbaumlaw.com, akaplan@greenbaumlaw.com, bkornbrek@greenbaumlaw.com, ccampbell@greenbaumlaw.com, smanobianca@greenbaumlaw.com, tmurphy@greenbaumlaw.com ,RONALD A. GILLER   rgiller@gordonrees.com
RUKHSANAH L. LIGHARI   rlighari@connellfoley.com
SHEILA F. MCSHANE   smcshane@gibbonslaw.com, litefiling@gibbonslaw.com
STEPHEN R. BUCKINGHAM   sbuckingham@lowenstein.com,

csalvatoriello@lowenstein.com ,THOMAS R. CURTIN    tcurtin@grahamcurtin.com, llett@grahamcurtin.com ,WILLIAM J. HELLER    wheller@mccarter.com, dagosta@mccarter.com, dfield@lowenstein.com, rgiller@gordonrees.com, smcshane@gibbonslaw.com, grewalg@howrey.com, rschoenberg@riker.com, msavare@lowenstein.com, sbuckingham@lowenstein.com, rgoodman@greenbaumlaw.comCc: christopher.harnett@ropesgray.com, james.haley@ropesgray.com, anthony.pastor@ropesgray.com, bradford.badke@ropesgray.com, Jordan.Adler@ropesgray.com

//Dr.George Pieczenik//
Dr. George Pieczenik, *Pro Se*

*[signature: Dr. George Pieczenik 6/4/10]*

Case 3:10-cv-02327-FLW -TJB   Document 60   Filed 06/04/10   Page 6 of 11



# Requirements for Pro Hac Vice Admission in New Jersey
## (Superior Court of New Jersey, Civil Part and General Equity)

### PURPOSE OF THIS PACKAGE

This package provides information for staff to answer inquiries from attorneys seeking to appear *pro hac vice* in a civil matter in the Superior Court of New Jersey.

An attorney of any other jurisdiction, of good standing there, or a New Jersey admitted attorney of good standing, may, at the discretion of the court in which any matter is pending, be permitted, *pro hac vice*, to speak in such matter in the same manner as an attorney of this state who maintains a bona-fide office for the practice of law in this state and who is, therefore, authorized to practice in New Jersey.

The primary New Jersey Court Rule applicable to the admission of an attorney *pro hac vice* is *Rule* 1:21-2. Reference is also made to *Rules* 1:20-1(b), 1:28-2, and 1:28B-1(e).

> **Note:** These materials have been prepared by the New Jersey Administrative Office of the Courts. The guides, instructions and forms will be periodically updated as necessary to reflect current New Jersey statutes and court rules. This material is being disseminated on the Judiciary's internal InfoNet web site to provide staff with resource information to accurately respond to inquiries from out-of-state attorneys.

The numbered steps listed below outlines the steps an out-of-state attorney or New Jersey licensed attorney who does not maintain a bona fide office will need to take to appear *pro hac vice* in the New Jersey Civil Courts.

**STEP 1: File and serve on all parties, in the pending litigation, a notice of motion seeking *pro hac vice* admission. The motion is supported by an affidavit or certification in accord with *R.* 1:21-2.**

A New Jersey licensed attorney, who is an attorney of record for a party in the litigation, may make a *pro hac vice* application on behalf of an out-of-state attorney. A motion shall be supported by an affidavit or certification of the out-of-state attorney stating, if true:

a. The out-of state attorney is a member in good standing of the bar of the highest court of the state in which the attorney is domiciled or principally practices law.

b. The attorney is associated in the matter with New Jersey counsel of record qualified to practice pursuant to *R.* 1:21-1.

c. The client has requested to be represented by said attorney.

d. No disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction. If discipline has previously been imposed, the certification shall state the date, jurisdiction, and nature of the ethics violation, as well as the penalty imposed. If disciplinary proceedings are pending, the certification shall specify the jurisdiction, the charges and the likely time of their disposition. An attorney admitted *pro hac vice* shall have the continuing obligation during the period of such admission promptly to advise the court of a disposition made of pending charges or of the institution of new disciplinary proceedings.

e. There is good cause for the *pro hac vice* admission, including at least one of the following reasons:

1. The cause in which the attorney seeks admission involves a complex issue of law in which the attorney is a specialist.

2. There has been an attorney/client relationship with the client for an extended period of time.

3. There is a lack of local counsel with adequate expertise in the field involved.

4. The cause presents questions of law involving the law of the foreign jurisdiction in which the attorney is licensed.

5. There is need for extensive discovery or other proceedings in the foreign jurisdiction in which the applicant is licensed.

6. Such other reason similar to those set forth above as would present good cause for the *pro hac vice* admission.

**STEP 2: Submit a proposed form of order that complies with *Rule* 1:21-2(c) and other conditions required by the court.**

The order granting admission *pro hac vice* shall require the attorney to:

1.   Abide by the court rules, including all disciplinary rules.

2.   Consent to the appointment of the Clerk of the Supreme Court as agent upon whom service of process may be made for all actions against the attorney or the attorney's firm that may arise out of the attorney's participation in the matter.

3.   Notify the court immediately of any matter affecting the attorney's standing at the bar of any other court.

4.   Have all pleadings, briefs and other papers filed with the court signed by an attorney of record authorized to practice in this State, who shall be held responsible for them and for the conduct of the cause and of the admitted attorney therein.

The order may contain further requirements concerning the participation of New Jersey counsel as the court from time to time deems necessary. It is suggested that the attorney contact the judge handling the matter to see if there are further requirements.

A sample order is attached as **Form A.**

**STEP 3. Submit a copy of the order and pay the fee required by Rule 1:20-1 to Lawyers' Fund for Client Security.**

An out-of-state attorney or a New Jersey licensed attorney must mail or deliver a true copy of the order and the annual fee to the Lawyers' Fund for Client Protection. The address is:

New Jersey Lawyers' Fund for Client Protection
Hughes Justice Complex
P.O. Box 961
25 West Market Street
Trenton, New Jersey 08625-0961
Tele: 609-292-8079

The fee varies depending on the year of admission. The operative year of admission is that of the jurisdiction in which the attorney appearing *pro hac vice* was first licensed.

Attorneys licensed in New Jersey, who seek admission *pro hac vice*, will have their assessment governed by their status as a New Jersey attorney.[1]

Note: Until the litigation is ended, or the *pro hac vice* order is terminated, attorneys admitted *pro hac vice* must make subsequent annual Lawyers' Fund for Client Security payments.

**STEP 4:  File an affidavit or certification with the court documenting fulfillment of Step 3.**

---

[1]   A licensed New Jersey attorney must be a member in good standing of the New Jersey Bar before he or she may appear *pro hac vice*. See, *Boston University v. Univ. of Medicine and Dentistry of NJ*, 176  N.J. 141 (2003), (New Jersey attorney without a bona fide New Jersey office and in arrears to the New Jersey Client Security Fund for Client Protection is ineligible for *pro hac vice* admission, notwithstanding that the attorney's good standing status in another jurisdiction).

Attorney Name  
Attorney Address  
Attorney Telephone  
Attorney for Plaintiff][Defendant]

**Form A**

_____  
                                                    Plaintiff,

v.

_____  
                                                    Defendant.

SUPERIOR COURT OF NEW JERSEY  
LAW/CHANCERY DIVISION  
_____ COUNTY  
Docket No:

CIVIL ACTION  
ORDER ADMITTING ATTORNEY  
PRO HAC VICE

 This matter being opened to the court by _____ a New Jersey attorney and the attorney of record for_____ to permit _____, an attorney admitted to the practice of law in the State [Commonwealth] of _____, to participate with other counsel for _____ in all phases of the trial, and it appearing that _____ is a licensed attorney in good standing in the State [Commonwealth] of _____ and it appearing that [*state the reason for the pro hac vice request*]:

_____  
_____  
_____  
_____  
_____

 It is on this _____ day of _____ , 20 \_\_\_\_\_ , ORDERED that _____ be and hereby is admitted *pro hac vice* and is authorized to appear and participate with other counsel for _____ in all phases of the trial, subject to the following conditions:

1. _____ shall abide by the New Jersey Court Rules including all disciplinary rules, R. 1:20-1 and R. 1:28-2.

2. _____ shall, and hereby does, consent to the appointment of the Clerk of the Supreme Court as his/her agent upon whom service of process may be made for all actions against _____ that may arise out of his/her participation in the matter.

3. _____ shall immediately notify the court of any matter affecting his standing at the Bar of any other jurisdiction.

4. _____ shall have all pleadings, briefs and other papers filed with the court signed by an attorney of record authorized to practice in New Jersey, who shall be held responsible for them, the conduct of the litigation and the attorney admitted herein.

5. _____ cannot be designated as trial counsel.

6. No discovery, motion, trial or any other proceeding delay shall occur or be requested by reason of the inability of _____ to be in attendance.

7. _____ must, within ten (10) days, pay the fees required by R. 1:20-1(b) and R. 1:28-2 and submit an affidavit of compliance.

8. Pro hac vice admission will automatically terminate for failure to make the initial and any annual payment required by R. 1:20-1(b) and R. 1:28-2.

9. Non-compliance with any of the terms of this order shall constitute grounds for removal.

10. A copy of this order shall be served on all parties within seven (7) days of the date hereof.

_____, J.S.C.