Donald A. Robinson
Keith J. Miller
**ROBINSON, WETTRE & MILLER LLC**
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400

*Of Counsel*
David T. Pritikin
Lisa A. Schneider
Constantine Koutsoubas
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Defendants*
*Johnson & Johnson, Centocor Ortho Biotech Products, L.P.,*
*Centocor Ortho Biotech Services, LLC, Centocor Ortho Biotech, Inc.,*
*Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil, Inc. and*
*Ortho-McNeil Janssen Scientific Affairs LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE PIECZENIK,, <br><br> Plaintiff <br><br> v. <br><br> IDEXX REFERENCE LABORATORIES, INC, et al. <br><br> Defendants | Civil Action No. 3:10-cv-2327 (FLW/TJB) <br><br> **Motion Return Date: July 6, 2010** <br><br> **BRIEF OF DEFENDANTS JOHNSON & JOHNSON, CENTOCOR ORTHO BIOTECH PRODUCTS, L.P, CENTOCOR ORTHO BIOTECH SERVICES, LLC, CENTOCOR ORTHO BIOTECH, INC., ORTHO-MCNEIL PHARMACEUTICAL, INC. ORTHO-MCNEIL, INC., AND ORTHO-MCNEIL JANSSEN SCIENTIFIC AFFAIRS, LLC IN SUPPORT OF THEIR MOTION TO DISMISS** <br><br> **FILED ELECTRONICALLY** |

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.  THE COMPLAINT'S BARE ASSERTIONS AND LEGAL CONCLUSIONS ARE INSUFFICIENT TO ADEQUATELY STATE A CLAIM FOR ANY RELIEF .................................................................................................................. 2

    A.  Minimum Legal Standards for Pleading ....................................................... 2

    B.  The Complaint Does Not State a Claim for Direct Patent Infringement .................................................................................................. 3

    C.  The Complaint Does Not State a Claim for Indirect Patent Infringement .................................................................................................. 6

    D.  The Complaint Does Not State a RICO Claim ............................................ 8

    E.  The Complaint Does Not State a Claim for Patent Invalidity ...................... 9

II. THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF ANY OF THE J&J DEFENDANTS' PATENTS AND FAILS TO ALLEGE A "CASE OR CONTROVERSY." ......................... 10

III. THE COURT SHOULD DISMISS THE ENTIRE COMPLAINT WITH PREJUDICE ................................................................................................................ 11

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Arizonans for Official English v. Arizona*,
 520 U.S. 43 (1997) ................................................................................................................. 10

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ................................................................................................... 2, 5, 7

*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*,
 No. 6:09-cv-269, slip op. (E.D. Tex. Mar. 29, 2010) .............................................................. 4

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 554 (2007) ............................................................................................................ 2, 4

*Bender v. LG Elecs. U.S.A., Inc.*,
 No. C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ............................ 3, 4

*Bender v. Motorola, Inc.*,
 No. C 09-1245 SBA, 2010 WL 726739 (N.D. Cal. Feb. 26, 2010) ......................................... 3

*Benitec Austl., Ltd. v. Nucleonics, Inc.*,
 495 F.3d 1340 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 2055 (2008) .................................. 11

*Colida v. Nokia, Inc.*,
 347 F. App'x 568 (Fed. Cir. 2009) .................................................................................... 4, 13

*Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc.*,
 424 F.3d 1293 (Fed. Cir. 2005) ............................................................................................... 7

*DSU Med. Corp. v. JMS Co.*,
 471 F.3d 1293 (Fed. Cir. 2006) (en banc) .............................................................................. 7

*Dynacore Holdings Corp. v. U.S. Phillips Corp.*,
 363 F.3d 1263 (Fed. Cir. 2004) ............................................................................................... 7

*Elan Pharma Int'l, Ltd. v. Lupin Ltd.*,
 No. 09-1008 (JAG), 2010 WL 1372316 (D.N.J. Mar. 31, 2010) .......................................... 10

*Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*,
 No. C 09-03524 CW, 2010 WL 1221861 (N.D. Cal. Mar. 24, 2010) ..................................... 4

*Fifth Market, Inc. v. CME Group, Inc.*,
 C.A. No. 08-520 GMS, 2009 WL 5966836 (D. Del. May 14, 2009) .................................. 4, 5

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ................................................................................................2, 7

*Gold v. Metz Lewis Law Firm, LLC*,
    No. 1:08-cv-207-SJM, 2010 WL 597996 (W.D. Pa. Feb. 17, 2010) ..................................8, 12

*Hewlett-Packard Co. v. Intergraph Corp.*,
    No. C 03 -2517 MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ........................................5

*Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp.*,
    98 F. Supp. 2d 480 (S.D.N.Y. 2000) .........................................................................................9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) .................................................................................................................11

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009), *cert. denied*, No. 09-1006, --- S. Ct. ----, 2010 WL
    677637 (May 24, 2010) .............................................................................................................6

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009) ..........................................................................................7

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) .................................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ..........................................................................................................10, 11

*Michod v. Walker Magnetics Group, Inc.*,
    115 F.R.D. 345 (N.D. Ill. 1987) ................................................................................................9

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ....................................................................................................11

*Pieczenik v. Cambridge Antibody Tech. Group*,
    No. 1:03-cv-06336, 2004 WL 1118500 (S.D.N.Y. May 14, 2004), *aff'd sub nom.
    Pieczenik v. Domantis*, 120 F. App'x 317 (Fed. Cir. 2005) ...................................................13

*Pieczenik v. Dyax Corp.*,
    No. 00-11370-RGS, 2003 WL 1562239 (D. Mass. Feb. 25, 2003), *aff'd*, 76 F. App'x
    293 (Fed. Cir. 2003) ................................................................................................................12

*Prasco, LLC v. Medicis Pharm. Corp.*,
    537 F.3d 1329 (Fed. Cir. 2008) .........................................................................................10, 11

*Riordan v. H.J. Heinz Co.*,
    No. 08-1122, 2009 WL 4782155 (W.D. Pa. Dec. 8, 2009) ...............................................11, 12

*SanDisk Corp. v. STMicroelectronics, Inc.*,
 480 F.3d 1372 (Fed. Cir. 2007) ................................................................................... 11

*Sedima, S.P.R.L. v. Imrex Co., Inc.*,
 473 U.S. 479 (1985) ...................................................................................................... 8

*Sharafabadi v. Pacific Nw. Farmers Co-op*,
 No. C09-1043JJR, 2010 WL 234769 (W.D. Wash. Jan. 14, 2010) .............................. 4

*Tseng v. Marukai Corp. U.S.A.*,
 No. SACV 09-0968 AG (RNBx), 2009 WL 3841933 (C.D. Cal. Nov. 13, 2009) ....... 5

**FEDERAL STATUTES**

18 U.S.C. § 1961(1) ......................................................................................................... 8, 9

18 U.S.C. § 1962(c) ............................................................................................................. 8

18 U.S.C. § 1964 .................................................................................................................. 8

28 U.S.C. § 2201(a) ........................................................................................................... 10

35 U.S.C. § 271(b) ............................................................................................................... 7

35 U.S.C. § 271(c) ............................................................................................................... 6

35 USC § 271(e)(2) .............................................................................................................. 5

35 USC § 271(e)(4) .............................................................................................................. 5

**RULES**

Fed. R. Civ. P. 8 .................................................................................................................... 4

Fed. R. Civ. P.12(b)(1) ................................................................................................. 10, 11

Fed. R. Civ. P.12(b)(6) .................................................................................................... 2, 9

Fed. R. Civ. P., Form 18 ...................................................................................................... 4

**INTRODUCTION**

The Court should dismiss with prejudice Dr. George Pieczenik's *pro s*e Complaint against Defendants Johnson & Johnson (captioned twice), Centocor Ortho Biotech Products, L.P., Centocor Ortho Biotech Services, LLC,[1] Centocor Ortho Biotech, Inc., Ortho-McNeil Pharmaceutical, Inc., Ortho-McNeil, Inc., and Ortho-McNeil Janssen Scientific Affairs, LLC (collectively "the J&J Defendants").[2] While not a model of clarity, Dr. Pieczenik's Complaint appears to state three causes of action: patent infringement, patent invalidity, and a RICO violation. Even when read generously, the Court must dismiss Dr. Pieczenik's Complaint in its entirety for failure to state a claim, as Dr. Pieczenik's Complaint fails to meet even the minimal pleading standards required by this Court. Dr. Pieczenik's Complaint fails to allege which of the J&J Defendants' apparatuses, methods or the like allegedly infringe his patent. Dr. Pieczenik's Complaint fails to allege which of the J&J Defendants' patents are allegedly invalid. And Dr. Pieczenik's Complaint fails to allege any activity that could conceivable arise to a RICO violation. Furthermore, the Court must dismiss Dr. Pieczenik's allegations concerning patent invalidity because Dr. Pieczenik's Complaint also does not allege sufficient facts to confer this Court with subject matter jurisdiction to adjudicate the validity of unidentified patents belonging to the J&J Defendants.

---

[1] Centocor Ortho Biotech Services, LLC was improperly captioned as "Centocor Ortho-Biotech Services."

[2] Although named in the Complaint, Ortho-McNeil Pharmaceutical, Inc. and Ortho-McNeil, Inc. do not exist. Ortho-McNeil merged into Ortho-McNeil-Janssen Pharmaceuticals, Inc. in 2007. Also as of 2007, Ortho-McNeil Pharmaceutical, Inc. transferred all of its assets and liabilities to Ortho-McNeil-Janssen Pharmaceuticals, Inc. Thus, both of these entities appear to be erroneously named in the Complaint. Furthermore, Ortho-McNeil-Janssen Pharmaceuticals, Inc. was not named in the Complaint and it does not appear that a summons was issued for Ortho-McNeil-Janssen Pharmaceuticals, Inc., but it appears that corporate entity was erroneously listed as a defendant in the Court's ECF system instead of named defendant Ortho-McNeil Janssen Scientific Affairs, LLC. The J&J Defendants believe that this was an error made by the Clerk and will ask the Clerk to correct the error.

**ARGUMENT**

I.  **THE COMPLAINT'S BARE ASSERTIONS AND LEGAL CONCLUSIONS ARE INSUFFICIENT TO ADEQUATELY STATE A CLAIM FOR ANY RELIEF**

The Complaint appears to attempt to allege claims for direct and indirect infringement of U.S. Patent No. 5,866,363 ("the '363 patent"), invalidity of unidentified J&J Defendants' patents, and that the J&J Defendants have colluded in a "Racketeering Institution and Corrupt Organization in science" to "deny Plaintiff his rightful royalties." (Dkt. No. 1 at ¶ 59.)  The Court should dismiss each claim under Rule 12(b)(6) because each is insufficient under the Supreme Court's pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and this Circuit's pleading standards set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

   A. **Minimum Legal Standards for Pleading**

In *Twombly*, the Supreme Court explained that a complaint needs "enough facts to state a claim for relief that is plausible on its face."  550 U.S. 554, 570 (2007).  A complaint need not contain "'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 555); *Fowler*, 578 F.3d at 210.  "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949-50; *see also Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 129 S. Ct. at 1949).  Here, Dr. Pieczenik's Complaint does not even contain the "[t]hreadbare recitals of the elements of a cause of action" the Supreme Court found insufficient in *Iqbal*.

## B. The Complaint Does Not State a Claim for Direct Patent Infringement

Dr. Pieczenik's Complaint alleges that the J&J Defendants, along with a variety of other defendants, somehow infringe Dr. Pieczenik's patent because "[b]y virtue of defendant's research, commercial and licensing activities, defendants have infringed upon plaintiff's patent and have contributed to others infringing on plaintiff's patent." (Dkt. No. 1 at ¶ 55.). It also alleges that the J&J Defendants "as corporations and individuals allow for a situation where their management, scientists and sales personnel 1) infringe on the '363 patent, 2) create companies which infringe the '363 patent and 3) collaborate with companies that infringe on the '363 patent." (Dkt. No. 1 at ¶ 57).) These conclusory allegations are insufficient as a matter of law to state a claim for direct infringement.

A claim for infringement cannot simply point to a patent, and point to a defendant, and make the conclusory assertion that the defendant infringes without identifying what the defendant did to infringe the patent. Barebones allegations such as those found in Dr. Pieczenik's Complaint that fail to even identify the allegedly infringing product or method are properly dismissed for failure to state a claim. *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010) ("By pointing to broad categories of products with respect to which he has a 'good faith belief' in the 'very substantial likelihood of infringement,' Bender simply does not state a 'plausible claim for relief.' . . . *Common sense requires more specific identification of the products in any given product category that are allegedly infringing.*" (emphasis added)); *Bender v. Motorola, Inc.*, No. C 09-1245 SBA, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010) ("Nowhere in the Amended Complaint does Plaintiff identify, with the requisite level of factual detail, the particular product or line of products, that allegedly infringe the '188 Patent. . . . Plaintiff has done nothing more

3

than recite a laundry list of electronic devices.  These cursory allegations are insufficient to give the Defendant fair notice of the claims being alleged against it.").

Indeed, as made clear by Form 18 of the Federal Rules of Civil Procedure, a claim for patent infringement must, at a minimum, must set forth the "thing" accused of infringement. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (Form 18 requires "a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent.'"); *Fifth Market, Inc. v. CME Group, Inc.*, C.A. No. 08-520 GMS, 2009 WL 5966836, at *1 (D. Del. May 14, 2009) ("Form 18 of Federal Rule of Civil Procedure 84 makes clear that, at a minimum, Fifth Market must allege, in general terms, an infringing product.").  *See also Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (attached hereto as Exhibit 1) ("Bedrock's allegation of direct infringement does not adhere to Form 18 in that it does not identify any accused products, services, or methods or other infringing acts for the patent-in-suit."); *Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. C 09-03524 CW, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) ("Form 18 requires a plaintiff to identify the device or method that is accused of infringement. . ., but Plaintiff's complaint provides nothing more than a class of infringing activity. . . .  The pleading fails to notify [Defendant] of the methods it is allegedly infringing."); *Sharafabadi v. Pacific Nw. Farmers Co-op*, No. C09-1043JJR, 2010 WL 234769, at *2 (W.D. Wash. Jan. 14, 2010).[3]

---

[3]  After *Iqbal*, even meeting the minimal requirements of Form 18 might not be sufficient to adequately state a claim.  *See, e.g.*, *Colida v. Nokia, Inc.*, 347 F. App'x 568, 571 n.2 (Fed. Cir. 2009) (unpublished) (noting, in dicta, that Form 18 was last updated before the *Iqbal* decision); *Bender*, 2010 WL 889541, at *3  ("*McZeal*[, which endorsed Form 18,] is unhelpful to Bender for several reasons.  First *McZeal* was decided after *Twombly* but before *Iqbal*.  *Iqbal* revisited *Twombly* and provided a workable two-pronged framework for evaluating the sufficiency of a complaint under Rule 8.").

Here, the infringement claim does not even meet this low threshold because it does not allege facts saying what the J&J Defendants do to allegedly infringe the '363 patent. Nowhere in the Complaint is there a single factual allegation identifying the particular device, system, apparatus, method or process accused to infringe the '363 patent. Nowhere in the Complaint is there a single factual allegation concerning the type of activity the J&J Defendants allegedly undertake (e.g., making, using or selling that unidentified device, system, apparatus, method or process) that allegedly results in the accused infringement. Allegations of this nature are insufficient to state a claim for patent infringement. *Tseng v. Marukai Corp. U.S.A.*, No. SACV 09-0968 AG (RNBx), 2009 WL 3841933, at *1 (C.D. Cal. Nov. 13, 2009) (dismissing plaintiff's complaint that simply alleged that "defendants were selling goods that infringe upon Plaintiff's . . . patent" and came with an attached sales receipt purportedly identifying the infringing good); *Fifth Market*, 2009 WL 5966836 at *1 (dismissing complaint that merely alleged that defendants "have infringed the asserted patents by 'making, using, selling, and/or offering for sale products and methods covered by claims of the asserted patents.'"); *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03 -2517 MJJ, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (dismissing complaint that alleged defendant's "software and hardware products" infringed the patent, because defendant implemented "150 core technology platforms" in "over 4000 end-user application products" and the allegations did not provide defendant with "fair notice" as to what claims to defend). Accordingly, the infringement claim does not satisfy the Supreme Court's pleading standards and the Court should dismiss the claim. *Iqbal*, 129 S. Ct. at 1949-50.[4]

---

[4] The Complaint seeks an injunction under 35 USC § 271(e)(4). (Dkt. No. 1 at ¶ 60.) That statutory provision, however, only applies to defendants who do an act that constitutes infringement under 35 USC § 271(e)(2), which is the filing of an "abbreviated new drug"

## C. The Complaint Does Not State a Claim for Indirect Patent Infringement

Similarly, the Court should dismiss with prejudice the Complaint's indirect infringement claims. The Complaint alleges that the J&J Defendants "contributed to others infringing on plaintiff's patent." (Dkt. No. 1 at ¶ 55.) This vague assertion, alone, does not state a claim for contributory infringement under 35 U.S.C. § 271(c).

Section 271(c) provides the statutory standard for contributory infringement. It provides:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, *knowing the same to be especially adapted for use in an infringement of such patent*, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

35 U.S.C. § 271(c) (emphasis added).

Dr. Pieczenik's Complaint does not set forth the elements of contributory infringement, let alone provide any factual assertions supporting the assertions that the J&J Defendants contributed to the alleged infringement of the '363 patent. Dr. Pieczenik does not identify the "component," "material" or "apparatus" that the J&J Defendants allegedly sold, offered to sell or imported, nor does Dr. Pieczenik alleged that the J&J Defendants knew that any such "component," "material" or "apparatus" was especially adapted for use in infringement of the '363 patent. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009), *cert. denied*, No. 09-1006, --- S. Ct. ----, 2010 WL 677637 (May 24, 2010) ("In order to succeed on a

---

application seeking approval from the United States Food and Drug Administration ("FDA") to market a generic copy of an approved drug covered by a patent owned by the plaintiff. The Complaint does not allege that Dr. Pieczenik has an approved drug, or that any of the J&J Defendants have filed an application with the FDA seeking to make a generic copy of it. There is no basis for this requested relief.

claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant 'knew that the combination for which its components were especially made was both patented and infringing' and that defendant's components have 'no substantial non-infringing uses.'") (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 355 (D. Del. 2009) ("Plaintiffs' Complaint fails to sufficiently plead that Defendants had knowledge of the '434 Patent, and accordingly, the Court finds that Plaintiffs have also failed to state a claim for contributory infringement."). Since there are no facts in the Complaint related to this claim, under *Fowler*, the Court should dismiss this claim.[5]

In addition, "[i]ndirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). The Complaint does not properly allege another's direct infringement. There is no allegation of who the J&J Defendants have assisted in allegedly infringing the '363 patent or how the alleged direct infringer infringes the '363 patent. It merely makes the legal conclusion that "others" infringe. This conclusory statement, supported by no other factual allegations, is insufficient under *Iqbal*, 129 S. Ct. at 1949-50, and the Court should dismiss the contributory infringement claim as well.

---

[5] To the extent Dr. Pieczenik's Complaint could possibly be read to include a claim for induced infringement under 35 U.S.C. § 271(b), it likewise fails. To prove active inducement of infringement, the patent holder must prove that "once defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement.'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc) (quotations omitted). Dr. Pieczenik pleads no facts that would support induced infringement.

### D. The Complaint Does Not State a RICO Claim

To the extent, the Complaint attempts to state a claim under the civil RICO statute, 18 U.S.C. § 1964, the Court should dismiss the claim for failing to state a proper civil RICO claim. The sole reference to RICO in the Complaint states:

> Upon information and belief, defendants and/or their representatives have colluded and conspired in such a fashion as to make the defendants a Racketeering Institution and Corrupt Organization in science and this organization and its members and their associates have conspired to deny Plaintiff his rightful royalties from the Pieczenik '363 patent.

(Dkt. No. 1, ¶ 59.) The Complaint, however, seeks no remedy or relief based on the civil RICO statute under 18 U.S.C. § 1964. (*See* Dkt. No. 1, ¶ 60.)

To properly plead a civil RICO claim, a plaintiff must prove that the defendant engaged in a "pattern of racketeering activity," as that term is defined in 18 U.S.C. § 1961(1). 18 U.S.C. § 1962(c); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 491 (1985); *Gold v. Metz Lewis Law Firm, LLC*, No. 1:08-cv-207-SJM, 2010 WL 597996, at *3 (W.D. Pa. Feb. 17, 2010). Section 1961(1) provides a long list of the types of "racketeering activity" that can form the basis for a RICO claim, such as kidnapping, bribery, extortion and the like that are "chargeable under state law," or "indictable" or "punishable" under various federal criminal laws. 18 U.S.C. § 1961(1). By alleging that the J&J Defendants "conspired to deny Plaintiff his rightful royalties from the Pieczenik '363 patent," the Complaint essentially alleges that the J&J Defendants violated the RICO statute by engaging in patent infringement and conspiring to allow patent infringement. "Fundamentally, [Dr. Pieczenik] is complaining about conduct which may be unlawful under civil tort law principles and/or federal patent law, but which is not indictable under the federal criminal laws in question." *Gold*, 2010 WL 597996 at *5 (dismissing RICO claim on those grounds with prejudice).

8

In fact, it is well-settled that patent infringement and conspiring to infringe a patent are not racketeering activities under 18 U.S.C. § 1961(1).  *Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp.*, 98 F. Supp. 2d 480, 487 (S.D.N.Y. 2000) ("Patent infringement is not a predicate act enumerated by the RICO statute, and thus cannot be the basis of a RICO claim.") (citing *Michod v. Walker Magnetics Group, Inc.*, 115 F.R.D. 345, 347 (N.D. Ill. 1987)).  Further, as one court noted, Dr. Pieczenik's assertion that patent infringement is a racketeering activity is "frivolous."  *Michod*, 115 F.R.D. at 347.  Thus, even if the facts alleged in paragraph 59 were true, they would not constitute a viable RICO claim.

### E.  The Complaint Does Not State a Claim for Patent Invalidity

Although Dr. Pieczenik's "Prayer for Relief" does not specifically request a declaration that any of the J&J Defendants patents are invalid, the Complaint does allege that certain unidentified patents owned by the J&J Defendants are invalid because they are "substantially similar" to the '363 patent.  According to Dr. Pieczenik, the J&J Defendants

> own, use and have filed patents claiming methods, products and biological intermediates used in creating and/or using peptide and antibody combinatorial libraries.  These patents and patent applications have been filed at a later date than the original filing of the Pieczenik '363 Patent parent and therefore are subject to a 102(e) "snap back" prior art date.  Because this '363 patent has now issued, their patents containing claims relating to combinatorial libraries are invalid.

(Dkt. No. 1 at ¶ 53.)  In addition, Dr. Pieczenik alleges:  "To the extent that the claims in defendant's patents relate to combinatorial libraries and biologics, therein derived; they are substantially similar to claims in plaintiff's patent and defendant's patents are invalid." (*Id.* at ¶ 56.)  If Dr. Pieczenik is seeking to invalidate any of the J&J Defendants' patents, the Court should dismiss any such claim under Rule 12(b)(6) because the Complaint does not ask for declaratory relief, and it does not identify any particular patents or patent claims that are invalid.

9

Declaratory judgment claims are subject to the same notice pleading standard as infringement claims. *See Elan Pharma Int'l, Ltd. v. Lupin Ltd.*, No. 09-1008 (JAG), 2010 WL 1372316, at *1-2 (D.N.J. Mar. 31, 2010). A declaratory judgment claim for invalidity at least should identify the patent it is seeking to invalidate; otherwise, defendants, like the J&J Defendants here, would have no idea which patents the declaratory judgment plaintiff threatened with invalidity. The Court should dismiss the invalidity claim because the Complaint does not identify any of the J&J Defendants patents and is insufficient to state a claim for patent invalidity.

## II. THE COMPLAINT FAILS TO ALLEGE A CLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF ANY OF THE J&J DEFENDANTS' PATENTS AND FAILS TO ALLEGE A "CASE OR CONTROVERSY."

Dr. Pieczenik's patent invalidity claims should be dismissed for yet another reason: these allegations are insufficient to allege facts establishing declaratory judgment jurisdiction, and the Court should also dismiss this claim for lack of subject matter jurisdiction under Rule 12(b)(1).

A plaintiff cannot seek to invalidate another's patent in a court through a declaratory judgment absent a "case of actual controversy." 28 U.S.C. § 2201(a). Absent such a "case of actual controversy," the Court does not have subject matter jurisdiction to hear the case and dismissal is proper under Rule 12(b)(1). *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66-67 (1997); *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338-40 (Fed. Cir. 2008).

The mere existence of a patent does not create such a case or controversy. *Prasco*, 537 F.3d at 1338 (Fed. Cir. 2008) ("*MedImmune* does not change our long-standing rule that the existence of a patent is not sufficient to establish declaratory judgment jurisdiction. . . . The mere existence of a potentially adverse patent does not cause an injury"). An actual controversy only exists "where the *patentee* takes a position that puts the *declaratory judgment*

*plaintiff* in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (emphasis added).  Declaratory judgment jurisdiction only exists if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune,* 549 U.S. at 127.  The "case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants* – an objective standard that cannot be met by a purely speculative fear of future harm." *Prasco*, 537 F.3d at 1339 (Fed. Cir. 2008).  Plaintiff bears the burden of establishing the Court's jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344-45 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 2055 (2008).

Here, the Complaint does not allege a case or controversy with respect to patents owned by the J&J Defendants.  It does not allege that any of the J&J Defendants have threatened Plaintiff with an infringement suit for Plaintiff's actions.  Thus, the Complaint does not establish jurisdiction and the Court should dismiss the Complaint's "invalidity" claims with prejudice under Rule 12(b)(1).  *Prasco,* 537 F.3d at 1339 (affirming dismissal of a declaratory judgment claim of noninfringement where the only threat was the existence of the patent itself).

### III.     THE COURT SHOULD DISMISS THE ENTIRE COMPLAINT WITH PREJUDICE

The Court should not only dismiss the Complaint, but it should also dismiss the Complaint with prejudice.  Dismissal with prejudice is appropriate where "amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see*, *e.g.*, *Riordan v. H.J. Heinz Co.*, No. 08-1122, 2009 WL 4782155, at *10-11 (W.D. Pa. Dec. 8, 2009) (dismissing *pro se* plaintiff's complaint with prejudice where "Plaintiff has failed to set

11

forth sufficient facts to demonstrate a plausible claim to relief for misappropriation of ideas" and "amendment cannot cure these deficiencies").

Here, Dr. Pieczenik cannot cure his claim for declaratory judgment of invalidity by re-pleading because, as already noted, he failed to allege an actual controversy. Furthermore, the preliminary investigation taken by the J&J Defendants' to date has not identified any instance in which any of the J&J Defendants have threatened Plaintiff with an infringement suit. Amendment therefore would be futile and dismissal with prejudice is appropriate. *Riordan*, 2009 WL 4782155 at *11 (dismissing copyright infringement claim with prejudice on subject matter jurisdiction grounds because facts did not exist to provide the court with subject matter jurisdiction).

Further, Dr. Pieczenik cannot cure his RICO claim because the only "racketeering activity" he alleges amounted to patent infringement and conspiracy to infringe a patent. This, as noted above, is not a "racketeering activity" cognizable under the RICO statute. Where the only "activity" a RICO plaintiff alleges is not a racketeering activity, a court should dismiss the RICO claim with prejudice because amendment would be futile. *See*, *e.g.*, *Gold*, 2010 WL 597996 at *5, *6 n.6 (dismissing RICO claim with prejudice and without leave to amend because the acts plaintiff sought to allege as racketeering activity "do not (and cannot) give rise to a viable RICO claim").

The Court should also dismiss the Complaint's patent infringement claims because it is not likely that Dr. Pieczenik can re-plead sufficient facts to state a claim. Dr. Pieczenik is a serial patent litigant and has previously filed, and lost, multiple patent-related lawsuits. *See*, *e.g.*, *Pieczenik v. Dyax Corp.*, No. 00-11370-RGS, 2003 WL 1562239 (D. Mass. Feb. 25, 2003), *aff'd*, 76 F. App'x 293 (Fed. Cir. 2003) (granting defendant's motion for summary

12

judgment of noninfringement); *Pieczenik v. Cambridge Antibody Tech. Group*, No. 1:03-cv-06336, 2004 WL 1118500 (S.D.N.Y. May 14, 2004), *aff'd sub nom. Pieczenik v. Domantis*, 120 F. App'x 317 (Fed. Cir. 2005) (granting defendants' motion to dismiss for lack of subject matter jurisdiction).[6]

Through his extensive experience in federal litigation, Dr. Pieczenik should be well-aware of the pleading requirements. If Dr. Pieczenik was aware of any specific products or methods of the J&J Defendants that possibly infringed the '363 patent, Dr. Pieczenik presumably would have listed those products in the Complaint. Dr. Pieczenik's failure to include any such products or methods shows that it is likely that Dr. Pieczenik is completely unaware of any of the J&J Defendants' products or methods that allegedly infringe his '363 patent. Amendment here would be futile and the Court should dismiss the infringement claim with prejudice.

Indeed, it seems that Dr. Pieczenik has indiscriminately sued multiple defendants in four separate lawsuits,[7] all assigned to this Court, in the hope of having this Court address "a legal definition of the metes and bounds of a 'combinatorial library,'" a phrase that is not even found in the claims of the patent-in-suit. (Reply to Dyax's Motion to Dismiss, Jun. 1, 2010 (Dkt. No. 24) at ¶¶ 16, 23.) The Court should not waste its, and the J&J Defendants', time by allowing Dr. Pieczenik repeated attempts at re-pleading baseless and frivolous allegations. *See Colida*, 347 F. App'x at 569-70 (Fed. Cir. 2009) (unpublished) (affirming dismissal and imposition of

---

[6] *See also Pieczenik v. Dyax Corp.*, No. 1:1999-cv-12136 (S.D.N.Y. filed Dec. 17, 1999) (voluntarily dismissed by plaintiff); *Pieczenik, et al. v. Dyax Corp.*, No. 1:2000-cv-00243 (S.D.N.Y. filed Jan. 12, 2000) (consolidated with 1:1999-cv- 12136, *supra*); *Pieczenik v. TIAA Cref, et al.*, No. 1:2005-cv-02193 (S.D.N.Y. filed Dec. 19, 2005) (stayed pending resolution of two other cases filed by Pieczenik; motion to reopen denied).

[7] *Pieczenik v. Bayer Corp., et al*., No. 3:2010-cv-02230-FLW-TJB (D.N.J. filed May 4, 2010); *Pieczenik v. Astellaspharma Inc.*, et al., No. 3: 2010- cv-02253-FLW-TJB (D.N.J. filed May 5, 2010); *Pieczenik v. AstraZeneca Pharmaceuticals, LP, et al*., No. 3: 2010-cv-02296-FLW-TJB (D.N.J. filed May 6, 2010)

anti-filing injunction against repeat patent infringement plaintiff where complaint failed adequately to specify key "facts relevant to the question of infringement" and where plaintiff was "no stranger to patent litigation").  The Court should dismiss all claims in the Complaint with prejudice.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the Complaint with prejudice.

Respectfully submitted,

**ROBINSON, WETTRE & MILLER LLC**

Dated:  June 8, 2010                            By:   *s/Donald A. Robinson*

                                                                      Donald A. Robinson
                                                                       Keith J. Miller
                                                                       One Newark Center, 19th Floor
                                                                       Newark, New Jersey 07102
                                                                       (973) 690-5400

*Of Counsel*

David T. Pritikin
Lisa A. Schneider
Constantine Koutsoubas
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000