UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE PIECZENIK,<br><br>                Plaintiff,<br><br>      v.<br><br>IDEXX REFERENCE PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | Civil Action No. 10-02327 (FLW)(TJB)<br><br>**Motion Return Date:  June 21, 2010**<br><br>***DOCUMENT ELECTRONICALLY FILED*** |

## REPLY BRIEF OF DEFENDANT DYAX CORP.
## IN SUPPORT OF ITS MOTION TO DISMISS

Arnold B. Calmann (abc@saiber.com)
Geri L. Albin (gla@saiber.com)
**SAIBER LLC**
One Gateway Center, 10th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

Christopher J. Harnett
(Christopher.Harnett@ropesgray.com)
Anthony A. Pastor
(Anthony.Pastor@ropesgray.com)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
(212) 596-9000

James F. Haley, Jr.
(James.Haley@ropesgray.com)
**ROPES & GRAY LLP**
One Metro Center
700 12th Street, NW, Suite 900
Washington, D.C. 20005-3948
(202) 508-4600

Attorneys for Defendant, Dyax Corp.

# **TABLE OF CONTENTS**

Page(s)

INTRODUCTION ...........................................................................................................1

LEGAL ARGUMENT ....................................................................................................4

POINT 1............................................................................................................................4

    DR. PIECZENIK CANNOT NOW ASSERT DIFFERENT
    CLAIMS OF THE '363 PATENT AGAINST DYAX'S PHAGE
    DISPLAY LIBRARIES..........................................................................................4

POINT II ..........................................................................................................................7

    THE MASSACHUSETTS COURT AND THE FEDERAL CIRCUIT
    HAVE ALREADY CONSIDERED AND REJECTED
    DR. PIECZENIK'S ARGUMENTS ABOUT THE THREE
    NEB LIBRARIES USED BY DYAX ....................................................................7

POINT III..........................................................................................................................9

    DR. PIECZENIK'S ADDITIONAL ARGUMENTS AS TO WHY
    DYAX SHOULD REMAIN A DEFENDANT IN THIS CASE
    HAVE NO MERIT................................................................................................9

        A.    Dr. Pieczenik's Arguments About Dyax's Counsel Do
             Not Provide Him With A Basis For Charging Dyax With
             Infringement ...............................................................................................9

        B.    Dr. Pieczenik's Arguments About Dyax's Licensees
             Are Unsound............................................................................................11

        C.    Dr. Pieczenik's Wish For Scientific Recognition Does Not
             Justify Another Suit Against Dyax...........................................................12

POINT IV........................................................................................................................13

    DYAX REQUESTS THE COURT'S ASSISTANCE IN  RELIEVING
    DYAX OF ADDITIONAL BURDEN AND EXPENSE  RESULTING
    FROM DR. PIECZENIK'S SERIAL LAWSUITS..............................................13

CONCLUSION ..............................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*,
 960 F.2d 1020 (Fed. Cir. 1992) ................................................................................................13

*Allen v. McCurry*,
 449 U.S. 90 (1980) ......................................................................................................................6

*Civix-DDI, LLC v. Expedia, Inc.*,
 No. 04 c 8031, 2005 WL 1126906 (N.D. Ill. May 2, 2005) ..........................................................7

*Colida v. Nokia Inc.*,
 No. 07 Civ. 8056, 2008 WL 4517188 (S.D.N.Y. May 6, 2008) .................................................14

*D-Beam v. Roller Derby Skate Co.*,
 316 Fed. Appx. 966 (Fed. Cir. 2008) ..........................................................................................6

*Eastern Minerals & Chems. Co. v. Mahan*,
 225 F.3d 330 (3d Cir. 2000) ........................................................................................................6

*Hemphill v. Kimberly-Clark Corp.*,
 530 F. Supp. 2d 108 (D.D.C. 2008) ............................................................................................7

*Hemphill v. Kimberly-Clark Corp.*,
 No. 2010-1047, 2010 U.S. App. LEXIS 9126 (Fed. Cir. May 4, 2010) ....................................14

*MedImmune, Inc. v. Genentech, Inc.*,
 549 U.S. 118 (2007) ....................................................................................................................3

*NTP, Inc. v. Research in Motion, Ltd.*,
 418 F.3d 1282 (Fed. Cir. 2005) .................................................................................................10

*Pieczenik v. Dyax Corp.*,
 76 Fed. Appx. 293 (Fed. Cir. 2003) ..........................................................................................10

*Temple Univ. v. White*,
 941 F.2d 201 (3d Cir. 1991) ......................................................................................................11

**RULES & STATUTES**

Rule 12, Fed. R. Civ. P............................................................................................................1, 3

35 U.S.C. § 271......................................................................................................................11

# INTRODUCTION

Defendant Dyax Corp. ("Dyax") respectfully submits this reply brief in support of its motion to dismiss the complaint filed by *pro se* plaintiff, George Pieczenik on May 7, 2010 (D.I. 1).

Dyax filed its motion to dismiss and supporting documents on Friday, May 28, 2010. Dr. Pieczenik responded the next day. As Dyax explains herein, Dr. Pieczenik's response serves only to confirm that Dr. Pieczenik has no legitimate basis for alleging that: (1) Dyax infringes the '363 patent (and, in fact, any such infringement claim is barred by the doctrine of *res judicata*); (2) Dyax has somehow violated the RICO statute; or (3) Dyax's patents are invalid in view of Dr. Pieczenik's patents. Dr. Pieczenik's complaint should be dismissed in accordance with Rule 12, Fed. R. Civ. P., because it fails to state a claim on which relief can be granted and/or there is no subject matter jurisdiction for any of Dr. Pieczenik's claims.

- ***On the issue of alleged infringement***, the United States District Court for the District of Massachusetts ("the Massachusetts Court") already ruled on two occasions that Dyax's phage display libraries do not infringe the asserted claims (claims 24 and 34) of Dr. Pieczenik's '363 patent and that the United States Court of Appeals for the Federal Circuit ("the Federal Circuit") affirmed both times. Dr. Pieczenik's arguments that he should now be permitted to assert **different** claims of the '363 patent against Dyax's "antibody libraries" and libraries that Dyax purchased from New England Biolabs ("the NEB libraries") fail as a matter of law. **Dyax's**

1

***antibody libraries and Dyax's use of the NEB libraries were the subject of the previous Massachusetts Court and Federal Circuit rulings***.  Contrary to Dr. Pieczenik's assertions, therefore, there is nothing "new" about those libraries.  As Dyax explains below, it is well-settled that the doctrine of *res judicata* prohibits a litigant from splitting its claims into multiple actions so as to have successive "bites at the apple."

Faced with the law that does not permit him to bring yet another suit against Dyax, Dr. Pieczenik offers to "forego any request for financial damages and royalty payments from Dyax" (D.I. 24 at ¶ 25) ***if*** Dyax remains as one of the 104 defendants named in the four lawsuits recently filed in this Court.  Dr. Pieczenik explains that he wishes to keep Dyax as a defendant because:  (1) Dr. Pieczenik believes that Dyax's litigation counsel is knowledgeable about the technology at issue; (2) Dr. Pieczenik believes that the continued presence of Dyax's litigation counsel in this case will advance his objective of having the Federal Circuit construe the term "combinatorial libraries" (even though that term does not appear in any claim of the '363 patent); (3) Dr. Pieczenik wants information about the licensees to Dyax's patents (presumably, so that he can name even more parties in his recently-filed lawsuits); and (4) Dr. Pieczenik wants Dyax to give him recognition for his contributions to science.

These are not legitimate reasons to subject Dyax to the burden and expense of yet another litigation with Dr. Pieczenik.

- **On the issue of the alleged RICO violation**, Dr. Pieczenik has agreed to "dismiss the RICO charges" acknowledging that Dyax has not engaged in any acts that "come up to the level of a RICO" (D.I. 24 at ¶ 47). As Dyax explained in its opening brief, Dr. Pieczenik had no reason to accuse Dyax of such a violation in the first place.

- **On the issue of alleged "patent invalidity,"** Dyax explained that to the extent that Dr. Pieczenik's complaint could conceivably be interpreted as a request for declaratory judgment that any patents owned by Dyax are "invalid," such a claim should be dismissed for failing to state a claim on which relief can be granted in accordance with Rule 12(b)(6), Fed. R. Civ. P., as well as Rule 12(b)(1), Fed. R. Civ. P., because there is no subject matter jurisdiction for the claim. As a matter of law, declaratory judgment jurisdiction exists only if "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). Here, Dr. Pieczenik does not allege that he is subject to any real and immediate injury or threat of injury of infringement of any patent owned by Dyax -- and there is no factual basis to support such an allegation.

In his response to Dyax's motion to dismiss, Dr. Pieczenik does not even address any of these issues. Accordingly, Dr. Pieczenik appears to have abandoned his patent invalidity assertions as well.

3

# **LEGAL ARGUMENT**

# **POINT 1**

## **DR. PIECZENIK CANNOT NOW ASSERT DIFFERENT CLAIMS OF THE '363 PATENT AGAINST DYAX'S PHAGE DISPLAY LIBRARIES**

Dr. Pieczenik does not dispute that:

- on July 13, 2000, Dr. Pieczenik brought suit against Dyax in the Massachusetts Court alleging that all of Dyax's phage display libraries infringe the '363 patent (Ex. A);[1]

- in the Massachusetts action, Dr. Pieczenik and his counsel limited the infringement allegations against Dyax to claims 24 and 34 of the '363 patent (Exs. C, G);

- on September 18, 2002, the Massachusetts Court issued its claim construction ruling on the disputed limitations of claims 24 and 34 of the '363 patent (Ex. C);

- on February 25, 2003, the Massachusetts Court granted summary judgment that none of Dyax's phage display libraries infringes the asserted claims of the '363 patent either literally or under the doctrine of equivalents (Ex. G at A4-5)[2]; and

- on September 23, 2003, the Federal Circuit affirmed the Massachusetts Court's grant of summary judgment that Dyax's phage display libraries do not infringe the asserted claims of the '363 patent (Ex. I).

Nonetheless, Dr. Pieczenik argues that he should now be permitted to assert

***different*** claims of the '363 patent -- namely, claims 8, 14, 23, 48, 79 and 90-92 --

---

[1] Exhibits A-R are attached to the May 28, 2010 Declaration of Jordan S. Adler, which was previously submitted to the Court (D.I. 23-2). Exhibit S is attached to Mr. Adler's supplemental declaration which is submitted herewith.

[2] Dr. Pieczenik's argument that he is now "invoking" the doctrine of equivalents (D.I. 24 at ¶ 9) does not make sense. The Massachusetts Court and the Federal Circuit already ruled against him on the doctrine of equivalents and, accordingly, *res judicata* applies.

4

against Dyax's "combinatorial libraries of antibodies" and the use of those libraries, which he asserts are "new" (D.I. 24 at ¶ 40).  Dr. Pieczenik's arguments are unsound both as a matter of fact and as a matter of law.

First, Dyax's "antibody libraries" and its use of those libraries are not "new." In fact, Dr. Pieczenik specifically alleged that all of Dyax's libraries -- including Dyax's antibody libraries -- infringed claims 24 and 34 of the '363 patent during the Massachusetts litigation.  In granting Dyax's motion for summary judgment of non-infringement, the Massachusetts Court relied on the affidavits of Dyax's Senior Vice President and Chief Technology Officer -- Dr. Ladner.  In his affidavits, Dr. Ladner identified all of the phage display libraries that Dyax had ever made, used or made available to the biomedical community and described in detail the characteristics of each of those libraries (Exs. F, M).  Some of those libraries -- for example, libraries 29 and 30 (which are specifically identified in Dr. Ladner's affidavits) -- are "antibody libraries."  Indeed, Dr. Ladner made express reference to the "heavy chain" and "the light chains" of the antibodies in describing those libraries (Ex. F at A357; Ex. M at A49).[3]

It cannot be disputed, therefore, that Dyax's antibody libraries -- including libraries 29 and 30 -- were the subject of the Massachusetts Court's grant of summary judgment of non-infringement and the Federal Circuit's affirmance of that summary

---

[3]   This is confirmed, once again, in the June 8, 2010 Declaration of Robert C. Ladner, which is submitted herewith.

5

judgment (Exs. G, I). As such, Dr. Pieczenik is precluded as a matter of law from now asserting **different** claims of the '363 patent against Dyax's antibody libraries or, for that matter, any of Dyax's libraries.

Under the doctrine of *res judicata* (also known as claim preclusion) "a final judgment on the merits of an action involving the same parties (or their privies) bars a subsequent suit based on the same cause of action. *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 336 (3d Cir. 2000). As the United States Supreme Court has explained, under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or **could have been raised** in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added).

In the context of patent suits, it has long been recognized that the doctrine of *res judicata* prohibits "claim splitting" of the kind that Dr. Pieczenik is attempting here. "'It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together.'" *D-Beam v. Roller Derby Skate Co.*, 316 Fed. Appx. 966, 969 (Fed. Cir. 2008) (*quoting Mars Inc. v. Nippon Conlux Kabushiki-Kaisha,* 58 F.3d 616, 619 (Fed. Cir.1995)). Accordingly, the District Court for the District of Columbia found that:

> As is readily apparent from the face of the Complaint in conjunction with the decision in *Hemphill II*, of which the Court takes judicial notice, this case involves the same defendants and products that were at issue in *Hemphill II*. *Compare* Def.'s Mem. Ex. 1 at ¶ 13 *with* Compl. ¶¶ 16-17.

6

> Ms. Hemphill makes no assertion to the contrary. **It is therefore of no moment that she now accuses Defendants of infringement of Claim 2, for the "nucleus of facts" is identical in both suits.** See *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991).... Accordingly, this case must be dismissed.

*Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008) (emphasis added). The Federal Circuit affirmed that ruling, 335 Fed. Appx. 964 (Fed. Cir. 2008).[4]

In the Massachusetts litigation, Dr. Pieczenik asserted claims 24 and 34 of the '363 patent against all of Dyax's phage display libraries -- including Dyax's antibody libraries. Final judgment of non-infringement was entered against Dr. Pieczenik in 2003 and the Federal Circuit affirmed. There is no dispute that Dr. Pieczenik could have raised the question of potential infringement of claims 8, 14, 23, 48, 79 and 90-92 in that earlier litigation. He did not do so then and, as a matter of law, he is barred from doing so now.

## POINT II

## THE MASSACHUSETTS COURT AND THE FEDERAL CIRCUIT HAVE ALREADY CONSIDERED AND REJECTED DR. PIECZENIK'S ARGUMENTS ABOUT THE THREE NEB LIBRARIES USED BY DYAX

Dr. Pieczenik asserts that he is entitled to address in this litigation the question of "direct infringement" based on his assertion "that New England Biolabs (NEB)

---

[4] *See also Civix-DDI, LLC v. Expedia, Inc.*, No. 04 c 8031, 2005 WL 1126906, at *4 (N.D. Ill. May 2, 2005). "Rule 13(a) and the doctrine of claim splitting prohibit Civix from asserting patent claims in this Second Action that it failed to timely assert in the Initial Action, involving the same patents, the same parties, and the same accused products."

7

collaborates with Dyax and NEB supplies Dyax with three combinatorial libraries NEB has created" (D.I. 24 at ¶ 36).  The question of the NEB libraries, however, is **the exact same question** that Dr. Pieczenik raised with the Massachusetts Court on December 21, 2003 in his "motion for reconsideration" of the Massachusetts Court's claim construction and summary judgment rulings.  Dr. Pieczenik filed that "motion for reconsideration" **after** the Federal Circuit had affirmed the final judgment of the District Court.

Dr. Pieczenik's stated basis for his motion for reconsideration was that Dyax's use of the three NEB libraries somehow constituted "newly available" evidence (Ex. N).  On January 7, 2004, the Massachusetts Court denied Dr. Pieczenik's motion for reconsideration (Ex. O).  Dr. Pieczenik then filed another appeal to the Federal Circuit challenging the Massachusetts Court's denial of his post-judgment, post-affirmance "motion for reconsideration."  On December 16, 2004, the Federal Circuit issued its decision, once again, affirming the Massachusetts Court's ruling.  In that decision, the Federal Circuit stated:

> We see no error in the decision of the district court denying Dr. Pieczenik's Rule 60(b) motion.  **First, we have difficulty seeing how the NEB sales record qualifies as newly-discovered evidence for purposes of Rule 60(b). Dr. Ladner identified the NEB libraries in his February 6, 2003 affidavit....**  Second, Dr. Pieczenik does not proffer how the alleged newly-discovered evidence could disturb the district court's rulings on issues such as claim construction.  This court cannot accept a proffer of alleged newly-discovered evidence as an invitation to reargue all of the issues previously decided by the district court and affirmed by this court, issues on which the alleged new evidence would have no bearing (Ex. P at 4) (emphasis added).

8

As such, Dr. Pieczenik is likewise barred from re-litigating issues pertaining to the NEB libraries here. The NEB libraries were addressed during summary judgment proceedings in the District Court and were addressed in Dr. Pieczenik's motion for reconsideration. Any claims of infringement directed to the NEB libraries are barred by *res judicata*.

## POINT III

### DR. PIECZENIK'S ADDITIONAL ARGUMENTS AS TO WHY DYAX SHOULD REMAIN A DEFENDANT IN THIS CASE HAVE NO MERIT

**A.  Dr. Pieczenik's Arguments About Dyax's Counsel Do Not Provide Him With A Basis For Charging Dyax With Infringement**

Dr. Pieczenik argues that Dyax should remain as one of the 104 named defendants in his recently-filed suits because Dyax's litigation counsel are "knowledgeable" about the '363 patent and the technology addressed therein (D.I. 24 at ¶ 32). Dr. Pieczenik also states that Dyax's counsel have the "integrity of old school patent litigators" (D.I. 24 at ¶ 22). Dr. Pieczenik then explains that "I would like to keep James Haley and Chris Harnett [two of Dyax's attorneys] in this case, and would hate to see them dismissed, to be able once again to have the [Federal Circuit] try and address the issues of defining the 'metes and bounds' of a 'combinatorial library.'" (*Id.* at ¶ 23).

Dr. Pieczenik's arguments are unavailing. First, Dr. Pieczenik is free to select lawyers **of his own** with any of the professional attributes and technical training that

he finds to be valuable. A party cannot properly be named as a defendant because of who its lawyers are.

Second, Dr. Pieczenik's hope that the involvement of Dyax's attorneys in this case will advance his objective of having the Federal Circuit provide a construction of the term "combinatorial library" is misguided. The Massachusetts Court and the Federal Circuit have already addressed issues of claim construction for the '363 patent. Beyond that, the term "combinatorial library" does not appear in any of the '363 patent claims and, therefore, cannot be the subject of a construction analysis. In that regard, the Federal Circuit previously ruled that:

> Dr. Pieczenik's appeal invokes two terms that were not addressed by the district court: "combinatorial libraries" and "having." As an initial matter, this court notes that "combinatorial libraries" does not appear in any of the claims of the asserted patents. Because claim construction requires focus on particular claim language, this court is reticent to construe a term not present in the claims, especially a term not construed by the district court. Accordingly, Dr. Pieczenik's challenge with respect to "combinatorial libraries" fails.

*Pieczenik v. Dyax Corp.*, 76 Fed. Appx. 293, 296 (Fed. Cir. 2003)

The Federal Circuit, as an Article III court, simply will not provide an advisory opinion of the kind that Dr. Pieczenik seeks. *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1311 (Fed. Cir. 2005): "Terms not used in claims in controversy on appeal need not be construed."

### B.     Dr. Pieczenik's Arguments About Dyax's Licensees Are Unsound

Dr. Pieczenik asserts that it is appropriate for him to sue Dyax yet again (notwithstanding the prior non-infringement rulings in Dyax's favor) because he wants information about the parties that have taken licenses to Dyax's patents or that use Dyax's libraries (D.I. 24 at ¶ 49).  Apparently, Dr. Pieczenik believes that any party that has taken a license to Dyax's patents (or that uses Dyax's libraries) is infringing the '363 patent and he hopes to name those licensees as additional defendants in this case.  Dr. Pieczenik's belief in that regard is incorrect as a matter of law and as a matter of fact.

As Dyax explained in its opening brief the act of licensing a patent or taking a license to a patent does not constitute an act of infringement under 35 U.S.C. § 271 (D.I. 23 at 18-19).  Moreover, to the extent that Dr. Pieczenik seeks to make additional infringement claims based on any licensee's use of Dyax's libraries, such claims would fail under the doctrine of collateral estoppel.  That doctrine bars a subsequent suit where:  (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. *Temple Univ. v. White,* 941 F.2d 201, 212 (3d Cir. 1991).

These are precisely the circumstances here.  Dr. Pieczenik previously alleged that Dyax's product -- its phage libraries -- infringed the '363 patent.  The

11

Massachusetts Court granted Dyax summary judgment of non-infringement, (Ex. G at A4-5) and the Federal Circuit affirmed (Ex. I). Dr. Pieczenik, the party against whom collateral estoppel would apply, had a full and fair opportunity to litigate the issue of infringement.

And, in any event, Dr. Pieczenik's apparent desire to pursue burdensome (and legally irrelevant) discovery from Dyax about its patent licensees and third parties that use Dyax's libraries certainly does not justify his decision to sue Dyax **yet again**.

### C. Dr. Pieczenik's Wish For Scientific Recognition Does Not Justify Another Suit Against Dyax

Dr. Pieczenik states that one of his objectives in filing this suit is to have Dyax agree to a "posting on Dyax's website that the Pieczenik '363 patent and filing date is prior to Dyax patent filings" (D.I. 24 at ¶ 25). Dr. Pieczenik has already sued Dyax several times alleging patent infringement, RICO violations and a broad array of additional improprieties. Dr. Pieczenik has never prevailed on any of his allegations. He is simply not in a position to bring another baseless lawsuit -- a suit that is barred by *res judicata* -- in order to dictate the content of Dyax's website.

If Dr. Pieczenik is seeking scientific recognition, the place to get that is in professional societies and technical journals -- not the Federal Courts.

# POINT IV

## DYAX REQUESTS THE COURT'S ASSISTANCE IN RELIEVING DYAX OF ADDITIONAL BURDEN AND EXPENSE RESULTING FROM DR. PIECZENIK'S SERIAL LAWSUITS

In its opening brief, Dyax detailed the long history of litigation that Dr. Pieczenik has pursued against Dyax. Dr. Pieczenik's response confirms that he continues to refuse to accept the rulings of the Massachusetts Court, the New York Court and the Federal Circuit.[5] Indeed, Dr. Pieczenik acknowledges that he brought this suit "to get a fresh start" (D.I. 24 at ¶ 32). Dr. Pieczenik's response also includes

---

[5] At paragraph 44 of his response, Dr. Pieczenik argues that "the second case in the SDNY" was not adjudicated on the merits and instead was dismissed "simply because of jurisdictional arguments" (D.I. 24 at ¶ 44). That is not correct. In seeking dismissal of "the SDNY action," Dyax explained that all of the claims of Dr. Pieczenik's asserted "continuation patent" included at least one limitation that was also present in claims 24 and 34 of the '363 patent that the Massachusetts Court and the Federal Circuit had found not to be present in Dyax's libraries. In response to Dr. Pieczenik's arguments to the contrary, Judge Scheindlin observed:

> That's just asking me to relitigate what's already been litigated. If that judge was wrong, it was for the Federal Circuit to correct them. If the Federal Circuit is wrong, it's for the Supreme Court to correct the Federal Circuit. It's not my place to do either. If they got it wrong, they got it wrong. If you have new evidence, I guess, under Rule 60(b) you can go back to the Boston court and ask for relief from the final judgment, saying there is newly discovered evidence that you couldn't have earlier submitted. It has nothing to do with me. I can't relitigate what's already been litigated. (Ex. S at 21-22).

Accordingly, the New York Court dismissed the action against Dyax **with prejudice** (Ex. K, Docket No. 32). Even if Dr. Pieczenik were correct that the New York Court's decision was simply on "jurisdictional" grounds (which he is not), his failure to pursue that action in a different court would preclude him from raising an infringement claim now, seven years later, under the doctrine of equitable estoppel. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992).

13

a small sample of the insulting allegations and conspiratorial invective that he has subjected Dyax to since 2000 (*see*, *e.g.*, ¶¶ 20, 29, 31).

Defending against Dr. Pieczenik's repetitive and meritless lawsuits has been extremely burdensome and expensive for Dyax.  Ultimately, in 2003, the Massachusetts Court ruled that Dyax "is excused from responding to any further filings by Dr. Pieczenik unless directed to do so by the Court" (Ex. O).  In other cases where *pro se* patent litigants have refused to accept adverse rulings, courts have issued orders enjoining the *pro se* litigant from filing new suits against the prevailing defendant absent permission from the court and a showing that the suit raises new, previously undecided issues.  *See*, *e.g.*, *Hemphill v. Kimberly-Clark Corp.*, No. 2010-1047, 2010 U.S. App. LEXIS 9126 (Fed. Cir. May 4, 2010); *Colida v. Nokia Inc.*, No. 07 Civ. 8056, 2008 WL 4517188, at *16 (S.D.N.Y. May 6, 2008).  Dyax respectfully submits that orders of this kind are appropriate here.

## CONCLUSION

In view of the foregoing, Dyax respectfully submits that:  (1) Dyax's motion to dismiss should be granted; (2) Dyax should be excused from responding to any additional filings by Dr. Pieczenik unless instructed to do so by the Court; and (3)

Dr. Pieczenik should be ordered to refrain from filing additional litigations against Dyax directed to patent issues or RICO allegations absent permission from the Court.

        Respectfully submitted,

        **SAIBER LLC**
        Attorneys for Defendant
        Dyax Corp.

        By:     s/ Arnold B. Calmann
        Arnold B. Calmann (abc@saiber.com)
        Geri L. Albin (gla@saiber.com)
        One Gateway Center, 10th Floor
        Newark, New Jersey 07102-5311
        (973) 622-3333

OF COUNSEL:

Christopher J. Harnett         James F. Haley, Jr.
(Christopher.Harnett@ropesgray.com)     (James.Haley@ropesgray.com)
Anthony A. Pastor         **ROPES & GRAY LLP**
(Anthony.Pastor@ropesgray.com)     One Metro Center
**ROPES & GRAY LLP**         700 12th Street, NW, Suite 900
1211 Avenue of the Americas         Washington, D.C. 20005-3948
New York, New York 10036-8704     (202) 508-4600
(212) 596-9000